## NEW YORK SUPERIOR COURT.

JOSEPH A. CUTTER, Receiver of the property of PETER REILLY agt. PETER REILLY, MILES O'REILLY, and —— O'REILLY, wife of said MILES O'REILLY, and ANN REILLY, wife of PETER REILLY.

In an action brought by a *receiver*, in supplementary proceedings, and in pursuance of the order appointing him, to set aside a conveyance of real estate made by the judgment debtor, to a third person, and the defendant succeeds on the trial, the *judgment creditors* of the debtor, who are not parties to the action, and took no part in its prosecution, are not liable for the *costs* of the action (*Following the decision in the case of Wheeler* agt. *Wright*, 28 *How. Pr. R.* 228).

The law making parties in interest liable for costs, was not intended to apply to actions brought in the name of sheriffs, receivers, clerks or other officers of the court, although third parties might be interested in the recovery, unless the action was brought at the sole suggestion and urgency of such parties, and virtually conducted by them, and especially so, to a case where the action was brought by direction of the court.

*Special Term August,* 1866.

AN action was commenced on or about the month of January, 1863, by the above named plaintiff, as receiver of all the property of Peter Reilly, one of the above named defendants. The plaintiff, Joseph A. Cutter, was appointed as such receiver in proceedings supplementary to execution had in a certain action, wherein Peter Woods and John Woods were plaintiffs and Peter Reilly was defendant, and wherein a judgment in favor of said Peter Woods and John Woods, and against the said Peter Reilly, had been entered for $91.09. The above entitled action was brought to set aside certain conveyances of real estate made by the said Peter Reilly, as fraudulent and void as against creditors. At the time of bringing the action, said Peter Woods and John Woods were judgment creditors of said Peter Reilly, and it was alleged that they were beneficially interested in any recovery which might be had in said action. The action was tried before Mr. Justice McCUNN in January, 1864, who found for the defendants herein, dismissing the complaint with costs against the plaintiff, and deciding that said con-

veyances were not fraudulent and void as against creditors. The defendants' attorney caused, upon notice to the plaintiff, the costs of the defendants herein to be taxed at $50.65, and a judgment therefor to be duly entered with the clerk of this court, and a transcript to be filed and docketed with the clerk of the city and county of New York. On or about the 7th of August, 1866, an execution was issued upon said judgment to the sheriff of the city and county of New York, for the collection thereof, which execution was subsequently returned by said sheriff, unsatisfied, for want of property of the defendants to satisfy the same.

Upon a statement of such facts, an order of Hon. JOHN M. BARBOUR, a justice of this court, was made on the 27th August, 1866, requiring said Peter Woods and John Woods, creditors aforesaid, to show cause at a special term of this court, on the 30th day of August, 1866, why they and each of them, should not be made liable for the costs recovered as aforesaid, against the plaintiff, and the payment of the same enforced by attachment, together with the costs of the motion, &c.

S. TUTTLE, *for defendants.*

D. M. PORTER, *for plaintiffs.*

ROBERTSON, Ch. J. This is a motion to compel judgment creditors to pay the costs of the defenses of a suit brought by a receiver appointed in a supplementary proceeding taken by them on execution against a judgment debtor. The Code provides (§ 321), that a person, of whom a cause of action shall become the property, after the commencement of an action upon it, shall be liable for the costs in like manner as if a party ; and the Revised Statutes (2d *vol.* 619, § 44) and the Laws of 1849 (*chap.* 390), provides that a person " *beneficially interested* " in the recovery in an action *brought in the name of another*, shall be as much liable for costs as a plaintiff.

In the case of *Whitney* agt. *Cooper* (1 *Hill's R.* 632), it was held that persons holding a mortgage or lien were included

in such definition.    It was also held therein, that bringing an
action might be by retaining an attorney, directly or indi-
rectly, or engaging to pay his expenses, but it must be by
some action on his part.

In *Colvard* agt. *Oliver* (7 *Wend. R.* 497), it was held that
a *cestui que trust* came within the statute.    In the first cited
case, however, the court consider the statute intended to
cover all cases where the interest of the party sought to be
charged would be protected against the nominal assignee.

In the case of *Miller* agt. *Franklin* (20 *Wend. R.* 630), it
was held that a person to whom a verdict had been assigned
as collateral security, was not liable for any costs, and as the
court strongly intimate, not even if he had taken part in the
prosecution.

In *Bliss* agt. *Otis* (1 *Denio's R.* 656), and *Giles* agt. *Halburt*
(2 *Kern. R.* 32), it was held that an interest to any extent in
a recovery accompanied by interference and management of
the suit, made the party interfering liable.

There is no evidence in this case of any interference by
the judgment creditors in the suit, either by directing it to
be brought or subsequently taking any active managing part
in it.    This alone would be sufficient to exempt from liability
as having *brought* it, and they were not the only parties inter-
ested.    The receiver had an interest in his commissions and
costs, and was liable to any other parties for their share of
any of the proceeds of any judgment.

But I think the law was not intended to apply to cases of
actions brought in the name of sheriffs, receivers, clerks or
other officers of the court, although third parties might be
interested in the recovery, unless the action was *brought* at
the sole suggestion and urgency of such parties, and it was
virtually conducted by them, and especially so to a case
where an action was brought by direction or leave of the
court.    The case of *Wheeler* agt. *Wright* (23 *How.* 228), is
directly in point, and must govern this case.

Motion denied, with seven dollars costs.    Order to be set-
tled on two days' notice.