STEWART MAXWELL, RESPONDENT, *v.* HORACE INMAN, APPELLANT.

*Evidence — the execution of a chattel mortgage is not proved by the production of a copy thereof and of a certificate of acknowledgment attached thereto, certified by the town clerk.*

Upon the trial of this action of trover the plaintiff, who claimed title to the property under a chattel mortgage given by a former owner, put in evidence a paper, certified by the town clerk to be a copy of a paper on file in his office. The paper, the certified copy of which was received in evidence, purported to be a copy of the chattel mortgage, and of a certificate of acknowledgment as to its due execution. An objection of the defendant that the certificate of the town clerk did not prove the existence and execution of the original mortgage was overruled by the court.

*Held,* that it erred in so ruling.

*Bissell* v. *Pearce* (28 N. Y., 252); *Sunderlin* v. *Wyman* (10 Hun. 493); *Fellows* v. *Van Hyring* (23 How., 230) followed.

APPEAL from a judgment in favor of the plaintiff, entered in Montgomery county upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Stover & Nisbet,* for the appellant.

*E. J. Maxwell,* for the respondent.

BOOKES, J.:

This is an appeal by the defendant from a judgment rendered against him herein on the verdict of a jury for $158$\frac{60}{100}$ and costs, and also from an order denying a motion to set aside the verdict, and for a new trial made on the judge's minutes.

The action was trover, for property consisting of pulleys, shafting and machinery, taken and converted by the defendant. The plaintiff, by his proof, made title to the property for which the recovery was had, under a chattel mortgage, of which he was assignee, to the extent of his recovery, made by the Phœnix Mills, a manufacturing corporation, to Samuel Blaisdell, Jr., & Co, dated December 30, 1884. The taking of the property by the defendant

was not controverted. The defense attempted to be made was this: That the defendant owned the property by a prior title, and he gave evidence of such title, to wit, a bill of sale and mortgage; the court sustained his defense in so far as the bill of sale and mortgage covered the property in question. Thus it became a question of fact whether the instruments under which the defendant made claim covered the property for which the recovery was had, and oral proof was given *pro* and *con* bearing on that question. The jury found for the plaintiff for some of the property, valued, according to the verdict, at $158\frac{60}{100}$. This statement of the case would require an affirmance of the judgment, and this seems to be a correct statement of it, as respects the merits of the controversy.

It was objected that the transfer by Samuel Blaisdell, Jr., & Co. to the plaintiff was not well proved, because executed by one of the firm only. The instrument purported to be a sale and transfer by the firm. It was so stated in the body of the instrument. But for anything appearing to the contrary, the sale and transfer by one of the firm of firm property, not being real property, was good and effectual to carry title to the vendee. It was also objected that the mortgage, under which the plaintiff claimed, was not well proved. The paper put in evidence was certified in due form of law by the town clerk, in whose office it was filed. It purported to be a copy of the mortgage, and was with a certificate of acknowledgment of its due execution, filed in the town clerk's office as a copy. It was a paper authorized by law to be there filed as a record. The certificate of the town clerk, however, went only to the filing of the paper. (Code Civil Pro., § 934.) It did not prove the existence and execution of the original. (*Sunderlin* v. *Wyman*, 10 Hun, 493; *Fellows* v. *Van Hyring*, 23 How., 230; *Bissell* v. *Pearce*, 28 N. Y., 252.) The admission here in evidence of the mortgage, against objection and exception, without such proof, was error, because of which there must be a new trial.

There were other matters of exception besides those above considered — some as to rulings on questions of evidence, and some pertaining to the charge of the learned judge; none, however, presenting ground of error requiring comment. But for the error above noted the judgment must be reversed.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J.:

To maintain his case, the plaintiff offered in evidence a paper certified by the town clerk to be a copy of an original on file. The originals (of which a copy was thus certified) was an alleged chattel mortgage and an alleged acknowledgement thereof. The defendants objected that this was not evidence of the execution of the instrument.

Section 934 of the Code of Civil Procedure is to the same effect as 1 Revised Statutes ([1 Edm. ed., 323], m. p. 350, § 16). There is no change. And this provision of the Revised Statutes was in force when *Bissell* v. *Pearce* (28 N. Y., 252) was decided. It, therefore, did not modify or give greater effect to the provisions of chapter 279, Laws 1833, section 4. (See R. S. [7th ed], p. 2250, § 4.)

Now, it was held in that case, and again in *Sunderlin* v. *Wyman* (17 Sup. Ct. [10 Hun], 493), and in *Fellows* v. *Van Hyring* (23 How., 231), that a copy of a chattel mortgage, certified by the town clerk, was no proof of the execution of the mortgage. And this is necessarily so, because no proof of such execution need be on the instrument in order to require the town clerk to file it. Thus the case is different from that of conveyances of land. Nor is there anything in the statutes authorizing the filing of the acknowledgement of a chattel mortgage or the certifying a copy of such acknowledgement. It is otherwise as to deeds. (1 R. S., m. p. 760, § 26; 3 R. S. [7th ed.], 2220.) The town clerk has only to file any paper which appears to be a copy of a mortgage. If his certificate of a copy thereof is evidence, then the copy filed has more effect than the mortgage itself. Of course the " *original,*" of which the town clerk certifies a copy, is the paper in his office; and this itself may be a pretended copy.

Section 934 of the Code of Civil Procedure is a general provision as to all papers, just as the corresponding provision was. (1 R S., m. p. 350, § 16.) But the statute of 1833 specially provided as to the effect of certified copies of chattel mortgages or of copies of chattel mortgages. That statute has been construed, and construed correctly, and should be followed.

For this error, judgment reversed, new trial granted, costs to abide event.

Landon, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.