### N. P. PRATT LABORATORY v. BUFFALO FORGE CO.

(Circuit Court of Appeals, Second Circuit. January 9, 1911.)

No. 91.

1. CONTRACTS (§ 346*)—PLEADING AND PROOF.

Under Code Civ. Proc. N. Y. § 481, which provides that a complaint shall contain a plain and concise statement of the facts and a demand of the judgment to which plaintiff supposes himself entitled and which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]) is made applicable to the federal courts in that state, it is not fatal to a recovery for work done under a contract that plaintiff declares on the contract when he should have declared on a quantum meruit, where his complaint fully sets out the facts.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1748; Dec. Dig. § 346.*]

2. CONTRACTS (§ 305*)—ACTION FOR BREACH—WAIVER OF DELAY IN PERFORM-ANCE.

In an action to recover on a contract by which plaintiff was to install an extensive heating and ventilating plant in defendant's manufacturing buildings, where the work was delayed through the acts and omissions of both parties, but was continued without objection beyond the time fixed by the contract and until nearly completed, the jury were justified in finding that defendant had waived such time limit.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1467–1475; Dec. Dig. § 305.*]

In Error to the Circuit Court of the United States for the Western District of New York.

Action at law by the Buffalo Forge Company against the N. P. Pratt Laboratory. Judgment for plaintiff, and defendant brings error. Affirmed.

The action is upon a contract dated October 4, 1906, whereby the plaintiff for the sum of $4,050 agreed to install for the defendant at Atlanta, Ga., a heating apparatus for its plant, consisting of two large buildings and three small ones. The plaintiff is engaged in manufacturing, among other things, heating and ventilating machinery at Buffalo, N. Y.

Edwin P. Shattuck, Garrard Glenn, and John W. Van Allen, for plaintiff in error.

Henry W. Killeen, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. This action is founded upon a written contract between the parties dated October 4, 1906, whereby the plaintiff agreed to install a heating plant for the defendant at Atlanta, Georgia, for $4,050. The specifications show a complicated system of heating and ventilating consisting of fans, engines, heaters, pumps, pipings, etc., which were to be furnished and erected by the plaintiff, with the exception of some galvanized iron pipe, which was to be furnished by David Slusky of Augusta, Georgia. The contract provided that the apparatus was to be shipped from Buffalo October 25, 1906, and the plant completed December 1, 1906. The contract also provided that the defendant was to build the foundations upon which the machinery was to rest, make steam and drip connections from the heaters and engines, do whatever cutting and patching was necessary, furnish common labor and lay tile piping. It was further agreed that the plaintiff should not be liable for delays occurring without its fault and that "all dates of shipment, are contingent upon strikes, accidents, delays of carriers or other causes unavoidable or beyond our (the plaintiff's) control."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The work proceeded in about the usual manner where contracts are being executed requiring the prompt action of both parties, as well as subcontractors and carriers. The defendant asserts that the apparatus was not shipped on or prior to October 25th; the plaintiff answers that the foundations which the defendant was to furnish were not built at that date; the defendant replies that its failure in this respect was due to the fact that it could not get the plans for the foundations from the plaintiff.

Notwithstanding the bickering and contention which seems inseparable from such undertakings, the work progressed almost to completion when it was stopped on January 16, 1907, by the defendant because of the alleged insufficiency of the galvanized iron pipe furnished by the Augusta subcontractor. Some of the objections to this pipe were not justified by the terms of the written contract, but the plaintiff was endeavoring to remedy all of the alleged defects when the defendant wrote:

"We consider your part of the contract as unfulfilled and we are therefore relieved from any obligation thereunder; in other words, the failure of the Buffalo Forge Company to conform to their part of the contract gives us the right to cancel same, which we hereby do."

It will thus be seen that a contract for installing an extensive plant had, with the acquiescence of the defendant, been extended beyond the stipulated date until it was within a few hundred dollars, and a week or two, of final completion, when it was repudiated by the defendant.

The grounds on which this repudiation rested were some of them, at least, untenable, but the plaintiff was endeavoring in good faith to comply with all the defendant's objections—reasonable or unreasonable.

The defendant has the plant and has been using it since it was installed; it also has the money it agreed to pay for the plant. The plaintiff has nothing.

It may as well be conceded at the outset that, in such circumstances, the court is not inclined to strain unduly the rules of evidence or of pleading to continue a situation so inequitable.

The principal contention of the defendant is based upon an alleged defect in pleading. It is argued that plaintiff has mistaken its remedy and that instead of suing upon the contract, the action should have been upon a quantum meruit. The authority chiefly relied upon is Dermott v. Jones, 23 How. 220, 16 L. Ed. 442, which arose in 1859 in the District of Columbia and was governed by the rules of common law pleading. The case is a striking illustration of how a simple cause of action may be stifled under the old system of pleading.

In this court, since 1872, pleadings must conform as nearly as may be to the forms prescribed by the laws of New York. Act June 1 1872, c. 255, § 5, 17 Stat. 197; Rev. St. § 914 (U. S. Comp. St. 1901, p. 684). Referring to this act, the Supreme Court, in Indianapolis R. Co. v. Horst, 93 U. S. 291 say, at page 300 (23 L. Ed. 898):

"Where a state law, in force when the act was passed, has abolished the different forms of action, and the forms of pleading appropriate to them, and

has substituted a simple petition or complaint setting forth the facts, and prescribed the subsequent proceedings of pleading or practice to raise the issues of law or fact in the case, such law is undoubtedly obligatory upon the courts of the United States in that locality."

This is precisely what the state of New York has done. It has provided for a "simple complaint setting forth the facts." Section 481 of the Code of Civil Procedure provides inter alia, that the complaint shall contain:

"2. A plain and concise statement of the facts constituting each cause of action without unnecessary repetition. 3. A demand of the judgment to which the plaintiff supposes himself entitled."

The plaintiff in this action has, we think, complied with these requirements.

Happily the day has gone by when a meritorious cause of action can be lost in a maze of complicated pleading. The pleader is now required to give the court the facts which constitute his client's grievance against the defendant. If these show a cause of action it is enough.

The courts are now concerned not with the nomenclature, but with results.

That the second amended complaint alleges every necessary fact relating to this controversy cannot be denied. Indeed, it might be criticised for attempting to anticipate possible defenses and for alleging more than was necessary. That the complaint states facts which constitute a cause of action cannot be questioned. It is said that the court should have dismissed the complaint because it appears that the contract was not completed according to its terms. We have seen, however, that the delay was owing in part to the defendant's action and that the defendant waived the delay and permitted the plaintiff to proceed without objection until the comparatively inconsequential dispute arose over the galvanized iron pipe. If the trial court could not say as matter of law that there had been a waiver of the general time limit, the jury were amply justified in so finding upon the facts.

The charge to the jury has not been printed but we must assume, in the absence of an exception, that every disputed question was presented to the jury as fairly as the defendant could desire.

The defendant argues that the dispute between the parties was settled in March, 1907, for $1,893.61. In reply to a request by the defendant that some one be sent to Atlanta to settle the dispute, the manager of the plaintiff's Southern office, O. A. Robbins, called upon the defendants and he and Mr. G. L. Pratt arrived at an understanding by which the sum above mentioned was "to be paid in cash at once." The amount was not paid at once and before it was tendered the plaintiff had repudiated the attempted settlement, insisting that Robbins was merely an agent having no authority to settle the dispute and was sent to Atlanta only to investigate and report. When a check was sent for the amount it was promptly returned on the ground that Robbins lacked authority.

The contract expressly provides:

"That no agent or salesman has any authority to obligate this company by any terms, stipulations or conditions not herein expressed; and that no

modifications of this contract shall be binding on this company unless the same are in writing and approved by the Home Office, Buffalo, N. Y."

On all the plaintiff's letter heads, including the one on which Robbins wrote to the defendants his understanding of the proposed settlement, were the words:

"All contracts and orders taken subject to approval of an executive officer of this company."

If immediately after the tentative settlement between Robbins and Pratt had been agreed upon, the defendant had paid the money or sent a certified check, a different question would be presented. Upon the proof, the defendant waited until it was informed that Robbins had no authority to settle and then attempted to pay the amount. Upon the record the alleged settlement with Robbins depended upon several questions of fact and the verdict of the jury cannot be disturbed.

We find no error requiring a reversal of the judgment in the other assignments.

The judgment is affirmed with costs.