## FLEMING v. TWINE.

No. 595.

Municipal Court of Appeals for the District of Columbia.

April 20, 1948.

Jacob N. Halper, of Washington, D. C., for appellant.

Sandolphra Robinson, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Anthony P. Bovello sued Mrs. LaFonde Twine and John Fleming for a balance claimed to be owing on a plumbing bill. After trial the court directed a verdict for Bovello against Fleming for this amount, and in favor of Mrs. Twine on the same item. There has been no appeal from the judgment on this phase of the case. In the same action Mrs. Twine as owner of the premises where the work was done filed a cross-complaint against Fleming, a contractor, for a breach of his contract to remodel Mrs. Twine's house, and the contractor also filed a cross-complaint against Mrs. Twine for her failure to pay the full contract price, and also for some extras. The jury returned a verdict of $350 for the owner on her cross-complaint, and also found for her on the cross-complaint of the contractor. The contractor prosecutes this appeal.

In the view that we take of the case, it is unnecessary to discuss the evidence in detail since, even if all of the supportable claims asserted by the owner against the contractor were allowed, the verdict for the owner is not supported by the evidence.

Mrs. Twine owned a building used as her residence. Desiring to provide a radio shop for her son and a friend of his, she made a written contract with the contractor in April 1946 to construct a basement under the house and to make various repairs in connection therewith. The total contract price was $3,750, payable one-third when the work was started, another third when all of the dirt was taken out of the base-ment, and the final one-third "when job is finished." The contract contained a provision that the work would be completed in 60 days and that $10 per day would be deducted from the agreed price for any delay after such 60-day period. The work was begun but, according to the owner, was only partially completed when the contractor gave up the job, thus forcing her to employ others to complete the work. The first two installments on the contract price totaling $2,500 were paid, leaving $1,250 unpaid.

The trial judge ruled as a matter of law that the amount claimed by the owner as liquidated damages at $10 a day was in reality a penalty and withdrew that item from the jury. No objection was made to this ruling and no cross-appeal has been filed by the owner, and hence this item is no longer in the case. In addition the owner claimed that the projected shop could have been rented at $50 a month, and that she was deprived of the rental for seven months by the action of the contractor, and claimed damages on this account totaling $350. In her complaint she further claimed a total of $831.29 as money spent for labor and materials in completing the building and in repairing the plumbing system necessitated, she asserted, by the negligent work of the contractor.

The rule of law applicable to such situations is that the injured party should be placed in the same position as if there had been no breach. For defective or unfinished construction the owner is entitled to judgment for the reasonable cost of completion in accordance with the contract, if this is possible, and does not involve unreasonable economic waste, and also judgment for the value of the loss of use, if the building was constructed for use.[1] There can be no recovery, however, in the absence of allegation and proof that the work done cost the owner more than the price he contracted to pay, or that he was damaged.[2] The owner was not entitled to be placed in better position because of the breach than

[1] Trainor Co. v. Aetna Casualty & Surety Co., 290 U.S. 47, 54 S.Ct. 1, 78 L.Ed. 162; Ford Motor Co. v. Kirkmyer Motor Co., 4 Cir., 65 F.2d 1001; 5 Williston, Contracts, (Rev.Ed.) § 1363, p. 2825; 1 Restatement, Contracts, § 346 (see particularly illustration to subsection 1).

[2] Mosby v. United States, 6 Cir., 194 F. 346.

she would have been had the contract been performed.[3]

Here the total contract price, as already indicated, was $3,750. The owner paid the contractor $2,500 for work done by him. She testified she spent $831 to put it into the condition contemplated by her contract. Her own witness testified that with the help of the other workmen employed by her the building was 100% completed according to the plans. Thus the total claimed cost to her of the remodeling of the building was $3,331. Adding to this sum the $350 claimed as damages for loss of rental makes a total of $3,681. This sum obviously is less than the total price which she contracted to pay. In other words, the owner obtained the building completed as contracted for, together with damages for the delay, at a lesser sum than the contract price. The owner has neither claimed nor proved any elements of damage other than the cost of completing the building and the loss of rental due to the delay. Hence she was not entitled to damages awarded her by the jury under the court's instructions.

With respect to the contractor's cross-claim, he urges that he is entitled to recover the contract price less the sums spent by the owner in completing the contract and also less the damages for the delay measured by the loss of rental value. However, the issue of whether the contractor breached his contract was properly submitted to the jury as a separate issue of fact and was resolved against the contractor's contentions by the jury's separate verdict on his case. In the case of an uncompleted building contract, when the work already done has been paid for, the owner has the right immediately upon the default of the contractor to take possession of the unfinished building and finish it himself, or employ others to do so, and the original contractor does not have a claim in contract upon the owner of the land for any savings effected on the original contract price in the completion of the building.[4] Here the contractor neither made any claims nor submitted any proof based upon quantum meruit. It results that with respect to the contractor's principal claim we find no error. The issues of fact involved in the contractor's claim on account of extras were also submitted to the jury under proper instructions and decided against the contractor. We find no error in such decision.

Judgment for Mrs. Twine on her cross-claim reversed.

Judgment for defendant on cross-claim of John Fleming affirmed.

3 Clarke v. Cleckley, D.C.Mun.App., 55 A.2d 287.

4 Hammond v. Miller, 2 Mackey 145, 13 D.C. 145; cf. Dermott v. Jones, 23 How. 220, 64 U.S. 220. 16 L.Ed. 442.