## LORE

v.

## ALL-WEATHER STORM WINDOW CO.

### No. 1536.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 16, 1954.

Decided Sept. 10, 1954.

Harvey L. Rabbitt, Washington, D. C., for appellant.

Ralph H. Deckelbaum, Washington, D. C., with whom Bernard Margolius and Carleton U. Edwards, II, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This is an appeal from a judgment awarding damages for breach of a contract for the purchase of storm windows. Appellant first assigns as error the refusal of the trial court to find there was no mutual assent to the terms of the contract and no valid acceptance of the contract by appellee.

We think there is no merit in either contention. The testimony was that appellant was visited by a salesman for appellee and that he signed a written contract calling for the furnishing and installation of storm windows in his home. At the time there was some discussion as to whether the windows would eliminate condensation. This discussion was thereafter carried on by correspondence between the parties, appellant insisting on a guarantee that all condensation be eliminated. However, since there was a written contract signed by appellant, which recited that it contained all

the terms of the transaction, appellant cannot now be heard to say that he did not in fact enter into a contract. Reliable Construction & Realty Co. v. Waterproofing Service, D.C.Mun.App., 34 A.2d 124. Likewise we think the trial judge properly found that the contract had been accepted by appellee. There was testimony by appellee's president that he expressly accepted the contract and authorized his office manager to notify appellant of the acceptance; and this written acceptance was in evidence.

■ A more serious question is whether the trial judge correctly determined the amount of damage. There was testimony that the storm windows were specially manufactured to fit the windows in appellant's house (which had old "pre-war" size windows), and that there was no market for the sale of the windows unless a purchaser owning a house with the same size windows could be found. The trial court held that the proper measure of damages was the contract price less the value of specified work not performed. He found that it would have cost appellee $45 to install the windows and, therefore, awarded appellee the contract price less $45. The court added that the appellee "will deliver the storm windows to the defendant."

While we agree with the general measure of damages applied by the trial court, we think the court erred in not treating the windows as the property of appellee and in failing to deduct their value from the damages awarded. Appellee was only entitled to be placed in the position it would have been in had the contract not been breached. Fleming v. Twine, D.C.Mun.App., 58 A.2d 498. Since the contract was not performed, the windows never became the property of appellant. They were materials which the contractor was not required to furnish because the contract had been terminated, and they remained the property of appellee. Their value, if any, represented a saving to appellee and should have been deducted from the damages awarded him. While the testimony supported a finding that the windows had no resale value, there is no reason to assume that they were devoid of all sal-

vage value. Therefore, the case must be remanded for the single purpose of taking testimony to determine the value of the windows, and to deduct that amount, if any, from the award to plaintiff.

Remanded, with instructions.