McHarg *v.* Donelly.

McHARG, receiver, &c, of Joseph Clinton, *vs.* DONELLY.

Where it appeared that the M. & F. Bank, although plaintiffs in one of the judgments upon which supplementary proceedings were instituted, which resulted in the appointment of the plaintiff as receiver, were never in fact concerned in such supplementary proceedings, nor instrumental in obtaining the appointment of the receiver, nor in any way connected with, or authorizing or directing the commencing or prosecution of a suit brought by him; *Held* that the bank could not be charged with the costs of the action, on the ground that it was the real party prosecuting the same.

*Held also,* that the bank could not be charged with the costs under section 317 of the code; it not being the party represented by the receiver, within the meaning of that section.

For the purposes of that section, the receiver represents himself, and the estate or fund of which he is receiver, and of which he has the custody and control, subject to the supervision of the court, and not the judgment creditors under whose judgment he derived his appointment; unless they have directed or authorized the prosecution of the suit.

McHarg *v.* Donelly.

APPEAL, by the Mechanics and Farmers' Bank of Albany, from an order made at a special term, by Justice HARRIS, charging it with one half of the defendant's costs in this action, recovered against the plaintiff therein. The essential facts are stated in the opinion of the court.

*By the Court,* HOGEBOOM, J.   It affirmatively and conclusively appears that the Mechanics and Farmers' Bank, although plaintiffs in one of the judgments against Joseph Clinton, upon which supplementary proceedings were instituted, which resulted in the appointment of the plaintiff as receiver, were never in fact concerned in said supplementary proceedings, nor instrumental in obtaining the appointment of said receiver, nor in any way connected with, or authorizing, or directing this suit or the prosecution thereof. They cannot, therefore, be chargeable with the costs of the action, upon the ground that they are the real parties prosecuting the same. The proceeds thereof, if any had been collected, might perhaps have been applied for their benefit, or gone towards the extinction of their claim against the judgment debtor. But that is not enough to charge them with the costs of a suit, commenced without their consent, knowledge or agency. The argument would have been equally strong, if commenced against their will and earnest protestations. A legatee, distributee, or one of the next of kin of a deceased person, is not chargeable with the defendant's costs in a suit successfully prosecuted by the executor or administrator, although if a recovery had been had, it would have enured directly to the benefit of such legatee, distributee or next of kin. The reason is, that although he may participate ultimately, or even immediately, in the fruits of the litigation, and may therefore, in a limited sense, be said to be represented by the executor, he is not so in the suit itself, or in the mode of conducting the same. If, therefore, the Mechanics and Farmers' Bank are to be charged with the costs of this

litigation, in whole or in part, it must be upon some other principle.

It is said they are so chargeable under the 317th section of the code, which in certain cases authorizes a recovery for costs, and makes them chargeable only upon, or collectable out of, the *estate fund,* or *party represented,* unless the court shall direct the same to be paid by the party to the record, personally, for mismanagement or bad faith in the action. To say nothing of the question whether this action is one of those specified in that section, the point is, whether the Mechanics and Farmers' Bank is, within the meaning of that section, the *party represented* by the receiver. I think it is not. For the purposes of this section I think the receiver represents himself, and the estate or fund of which he is receiver and of which he has the custody and control, subject to the supervision of the court, and not the judgment creditors, under whose judgments he derived his appointment, unless they have directed or authorized the prosecution of the suit. Then he becomes merely their agent, and they are liable as the real parties. I have already alluded to the similarity in position between these judgment creditors and the next of kin of a deceased party. I suppose the general creditors of an insolvent debtor who has made a voluntary assignment, in part for their benefit, are not responsible for the costs of a suit prosecuted by the assignee without their agency or direction. The assigned estate may be, and in a proper case always is, but I apprehend the creditors protected by the assignment are not, without some special authority or interference on their own part. The language of the section is satisfied without implicating the judgment creditors in the consequences of a litigation which they cannot control, and I think it is the better and more equitable construction.

I am aware that it has been held that for certain purposes—for example, setting aside a fraudulent assignment—

McHarg *v.* Donelly.

the receiver represents the creditors of the judgment debtor. (*Porter* v. *Williams,* 5 *How. Pr. Rep.* 441. 5 *Selden* 142. *Wilson* v. *Allen,* 6 *Barb.* 544. *Gillet* v. *Moody,* 3 *Comst.* 479. *Talmage* v. *Pell,* 3 *Selden,* 328.) But he is so characterized simply in contradistinction to his being the representative of the judgment debtor. He is said to represent the creditors, because he represents the *estate* of the judgment debtor, in which the creditors are interested, as well as the debtor himself. He is obliged sometimes to act in opposition to the debtor, and then in a proper sense he represents the estate in which creditors are interested, and therefore them; and so, in a partial sense, he represents creditors when unsuccessful in a suit, because the costs are chargeable upon the *estate,* and to that extent, and in that way, upon the creditors, because they lose so much of the fund which would otherwise be applied in satisfaction of their claims.

If, therefore, the case is not a proper one for charging the plantiff personally with the costs, for mismanagement or bad faith, and if the receiver has no assets of the estate represented by him, out of which the costs can be paid, I think the defendant is remediless.

The order of the special term, so far as it respects the appellants, should therefore be reversed, but under the circumstances, and in view of the novelty of the question, I think, without costs.

[ALBANY GENERAL TERM, May 3, 1858. *Wright, Gould* and *Hogeboom,* Justices.]