IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1871, IN THE FIFTY-FIFTH YEAR
OF THE STATE.

---

### La Follett v. Akin.

RECEIVER.—*Suit against Assignee.*—*Statute.*—Action by a receiver against the assignee, under an assignment for the benefit of creditors, of a judgment debtor, to recover damages resulting to a judgment creditor for the failure of the assignee to properly discharge his duty under the trust.

*Held*, that the action could only be sustained at the suit of the party injured, or his assigns.

*Held*, also, that the 205th section of the code (2 G. &. H. 153) only authorizes the court to empower the receiver to bring suit where the party whose effects he receives could have brought the action, save, perhaps, in exceptional cases.

APPEAL from the Sullivan Circuit Court.

WORDEN, J.—The firm of Knisely, Stout & Kellogg recovered judgments against William F. Richie, in the court of common pleas and circuit court of Floyd county, and having,

issued executions thereon, which were returned *nulla bona*, they instituted proceedings thereon, "supplementary to execution," in the Floyd Circuit Court, and such proceedings were had thereon as that La Follett, the appellant herein, was, by the last named court, appointed as receiver for said William F. Richie. It was ordered by said Floyd Circuit Court, that the receiver aforesaid be empowered to sue for and recover the property and assets of said Richie, or the value thereof, where the same had been wrongfully and fraudulently disposed of by any person or persons, and bring the property, or the proceeds thereof, into court, to be applied to the satisfaction of the said judgments.

Under the above appointment, La Follett commenced this action against the appellee, setting out in his complaint, in substance, the foregoing facts, and averring further, that on or about the first of April, 1861, Richie, being in embarrassed circumstances and unable to pay all his debts, assigned and transferred all his property of every kind and description—consisting of cash and certain notes received by him upon the sale of a stock of goods, and other notes and accounts due him from divers persons, all of which are set forth and described in schedules "A" and "B," filed with the complaint—to the said Ransom W. Akin, in trust, for the payment, first, of certain debts which the said Richie owed said Akin, amounting to about seventeen hundred dollars, and certain notes upon which Akin was surety, amounting to about four thousand eight hundred and fifty dollars, and the surplus, after the payment of said debts and notes, to be applied to the payment of other creditors of said Richie in a *pro rata* proportion, according to the amount of their respective debts; that Akin accepted the trust, took possession of the assigned property, and undertook to appropriate it to the discharge of the debts of Richie in the manner aforesaid; that the property described in schedule "A" was of the value of twenty-one hundred dollars, and that described in schedule "B" was of the value of eleven thousand two hundred and thirty dollars, all of which came to the hands of Akin

by virtue of the assignment; that he did not pay or offer to pay to Knisely, Stout & Kellogg any part of the proceeds of the assigned property, nor did he give them any notice, nor had they any notice, of the assignment or the terms or purposes thereof, until after the 9th of April, 1863, when they commenced their proceedings supplementary to execution; that as soon as said Knisely, Stout & Kellogg were informed of the terms and conditions of said assignment, they agreed and were ready and willing, and have at all times since been ready and willing, to receive their portion of said assigned property according to the terms and conditions of the assignment, and are still ready and willing to do so; but that Akin did wrongfully and fraudulently keep and dispose of the property and the proceeds thereof, in this, to wit: that immediately after receiving and taking into his possession the property, he placed the same in the hands of one Henry Crawford, his attorney, to be used and disposed of as the said Crawford should think proper, and, without giving any notice of the assignment to Knisely, Stout & Kellogg, who were then creditors of said Richie, or paying or offering to pay them any portion of the proceeds of said assigned property, did wrongfully and fraudulently permit the said Crawford to assign and transfer and pay all the cash notes mentioned in schedule "B," immediately after he had received possession of the same, to certain other creditors of said Richie, so that the same was wholly exhausted without Knisely, Stout & Kellogg receiving or having any opportunity to receive any part thereof; said notes in schedule "B" being all good and equal to cash, and being so treated and disposed of by Akin and his attorney; that Akin did further wrongfully and fraudulently dispose of the property, in this, that though the notes and amounts specified in schedule "A" were, at the time, of considerable value, to wit, of the value of twenty-one hundred dollars, and were so estimated by both Richie and Akin at the time of the assignment, yet Akin failed and neglected to take any measures or institute any proceedings to collect the same and apply the

proceeds to the purposes of the trust; but as soon as he had disposed of the property mentioned in schedule "B," and had procured payment of his own debt and the debts for which he was surety for said Richie, he wrongfully and fraudulently, and in total disregard of the duties of his trust, gave up and abandoned the same, and made no effort to collect the residue, but delivered up, or suffered Richie to resume and take possession thereof, being all the notes and accounts specified in schedule "A;" and both Akin and Richie failed to make any effort to collect the same until they came to the hands of the receiver, when, by lapse of time, they had become worthless and of no value whatever; that Richie, at the time he made the assignment, was, and ever since has been, utterly insolvent, having no property of any kind subject to execution.

Prayer that Akin be required to account for the property assigned, to him by Richie, and that he be required to pay to the plaintiff, for the use of Knisely, Stout & Kellogg, their just proportion of the proceeds of the property, and for other proper relief.

The complaint is quite lengthy, but we have condensed it somewhat, leaving out nothing material to the development of the ground on which the decision of the cause must rest.

A demurrer, assigning for cause, amongst other things, that the complaint did not state facts sufficient, etc., was sustained to the complaint. Exception was taken, and final judgment rendered for the defendant.

It will be seen, by an examination of the complaint, that there are two particulars in which Akin is charged with a violation of his duty as trustee under the assignment: 1. In appropriating the notes, etc., described in schedule "B" to the payment of claims other than those of Knisely, Stout & Kellogg. Of the claims thus paid, he had a right, however, by the terms of the assignment, to pay himself in full, and also the claims on which he was surety for Richie. 2. In surrendering up to Richie the notes, etc., described in schedule "A," without any effort to collect the same. The

claims mentioned or described in schedule "A," it seems, finally went into the hands of the receiver, so that all that can be claimed against Akin in respect to them is the damage resulting from his failure to make the proper effort to collect them instead of passing them back to Richie. In short, the claim against Akin is the damage resulting to Knisely, Stout & Kellogg from the failure of Akin to take the proper steps to collect the claims described in schedule "A," and from his alleged misappropriation, in part, of the claims described in schedule "B." With this statement of the ground of complaint against Akin, we are prepared to consider the decision below on the demurrer.

There is no allegation in the complaint that any list of the creditors of Richie was given to Akin, nor does it appear that at the time he disposed of the claims described in schedule "B," or the proceeds thereof, in payment of debts other than those of Knisely, Stout & Kellogg, or at the time he surrendered up to Richie the notes described in schedule "A," he had any knowledge of the existence of the claims of Knisely, Stout & Kellogg against Richie. If Akin did what he is charged with having done, without any notice of the claims of Knisely, Stout & Kellogg, the query arises, whether he could be held liable, in any manner, for not providing for their claims; but we decide nothing upon this point, as there is another objection, as we think, fatal to the complaint.

The point is made by the appellee, that the assignment is void, for the reason that it does not comply with the act of 1859 on the subject. 1 G. & H. 114. We, however, decide nothing upon this point.

We are of opinion that the complaint was defective, and the demurrer thereto properly sustained, for the reason that for the injury complained of the receiver of Richie cannot maintain an action; but that if, from any wrongful act or omission of Akin in the discharge of his duties as such trustee, an injury has been done to Knisely, Stout & Kellogg, they must sue therefor themselves or transfer the right

of action to some one else.   Richie himself could, from the facts stated in the complaint, have had no right of action against Akin, and, as a general proposition, subject, perhaps, to some exceptions, the receiver of the effects of a party cannot maintain an action where the party himself could not. See *Hyde* v. *Lynde,* 4 N. Y. 387.   It is sometimes said, a little loosely, that a receiver represents all the parties.   This is well explained in the case of *McHarg* v. *Donelly,* 27 Barb. 100, where HOGEBOOM, J., in delivering the opinion of the court, says:   "I am aware that it has been held that for certain purposes—for example, setting aside a fraudulent assignment—the receiver represents the creditors of the judgment debtor.   But he is so characterized simply in contradistinction to his being the representative of the judgment debtor.   He is said to represent the creditors, because he represents the estate of the judgment debtor, in which the creditors are interested, as well as the debtor himself."

The statute relied upon by the appellant provides, that a receiver may be appointed in an action "by a creditor, to subject any property or fund to his claim," and "in such other cases as may be provided by law; or when, in the discretion of the court, it may be necessary to secure ample justice to the parties."   2 G. & H. 151, 152.   We do not question the propriety or the regularity of the appointment of the appellant as receiver; but it does not follow that because he was properly and regularly appointed, he can maintain this action.   The 205th section of the statute (2 G. & H. 153) provides, that "the receiver shall have power, under the control of the court, to bring and defend actions," etc.   This section does not authorize the court to empower the receiver to bring an action in any and all cases, but only in cases where the party whose effects he receives could have brought the action, save, perhaps, some exceptional cases. In the case before us, the action is brought to recover damages resulting to Knisely, Stout & Kellogg for the failure of Akin, the appellee, to properly discharge his duties under the trust alleged, and we are clearly of the opinion that it

can only be brought by those who have been damnified or their assigns.

The judgment below is affirmed, with costs.

*T. L. Smith, M. C. Kerr,* and *S. Coulson,* for appellant.

