JABEZ R. WARD, as Receiver, etc., Appellant. *v.* JOHN A. ROY et al., Respondents.

Where a judgment creditor, at whose instance a receiver has been appointed in supplementary proceedings, instigates and conducts a prosecution against third persons through the receiver for his own benefit, and in which he is solely interested, in case he is defeated he is liable for costs.

An attorney employed to collect a claim has authority by virtue of his original retainer, after he obtains judgment, to institute supplementary proceedings thereon, and to procure the appointment of a receiver; these are proceedings in the suit.

But *it seems* he has not authority by virtue of such retainer to commence an action in the name of the receiver against a third person, to set aside as fraudulent a conveyance from the judgment debtor.

The F. S. M. Co.. a foreign corporation, had a general office in New York in charge of B. as agent. He had charge of collections in this State, and employed an attorney to collect a promissory note in his possession, belonging to the company. The attorney obtained judgment and instituted supplementary proceedings thereon, in which plaintiff was appointed receiver. This action was brought by and at the instance of said attorney to set aside as fraudulent a conveyance by the judgment debtor to defendants. B. did not authorize and was not informed of the commencement of the action; he was, however, advised thereof before trial, and recognized the action of the attorney as being for the company. Defendants succeeded in their defence, and moved that the company be compelled to pay the costs. *Held,* that the facts justified the inference that the company, through B., with a knowledge of all the attorney had done, ratified his acts, and it was bound by them, although the attorney had no authority originally to commence the action; and that the company was properly charged with the costs.

Upon the first hearing of the motion, the company appeared generally by attorney, and consented to a reference to take testimony, without taking the objection that the court had no jurisdiction over it; *held,* that the objection could not be taken thereafter.

(Argued February 20, 1877; decided March 20, 1877.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term charging the Florence Sewing Machine Company with the payment of the costs of defendants in this action.

Said company is a foreign corporation having a general

office in the city of New York, in charge of one Bird, its agent. He placed in the hands of an attorney for collection, a promissory note made by William R. Shepherd; said attorney brought suit thereon in the name of the company; obtained judgment, and instituted supplementary proceedings, in which the plaintiff herein was appointed receiver. This action was thereupon brought by and at the instigation of said attorney, to set aside a conveyance alleged to have been fraudulently made by Shepherd to defendants. The defendants were successful in their defence, and obtained a judgment for costs.

Further facts appear in the opinion.

*Samuel Hand*, for the appellant. Neither the referee nor court ever obtained jurisdiction of the appellant. (Code, §§ 134, 408, 409.) The appellant was not bound by the admissions of Bird and Davidson, and they were improperly received in evidence. (*Walradt* v. *Maynard*, 3 Barb., 584; *Simonton* v. *Barrell*, 21 Wend., 362; *Averill* v. *Williams*, 4 Den., 295; *Lusk* v. *Hastings*, 1 Hill, 656.) To render the judgment creditor liable for the costs of the suit brought by the receiver, it must appear that he authorized the bringing of the action. (*Wheeler* v. *Wright*, 23 How., 228; *Cutter* v. *Reilly*, 5 Robt., 637; *Snow* v. *Green*, 1 How., 216; *McHarg* v. *Donnelly*, 27 Barb., 100; *Gallatin* v. *Smith*, 48 How., 477.) Davidson's authority to act for the appellant ended with procuring the judgment. (*Walradt* v. *Maynard*, 3 Barb., 584: *Lusk* v. *Hastings*, 1 Hill, 656.)

*J. McGuire*, for the respondents. The appellant was within the jurisdiction of the court for the purposes of this motion. (16 How., 271; 1 V. S. Eq. Pr. [2d ed.), 442.) The action having been brought by the procurement of the appellant, and it being beneficially interested in the recovery, it is liable for the costs. (*Wheeler* v. *Wright*, 33 How., 228; *Cutter* v. *Reilly*, 31 id., 472; *Gallatin* v. *Smith*, 48 id., 477; *McHenry* v. *Donnelly*, 27 Barb., 100; *Whitney* v.

*Cooper*, 1 Hill, 626 ; *Colwell* v. *Olin*, 7 Wend., 479.) An agency or authority to perform certain acts for a corporation may be established by the relations the alleged agent apparently holds to it, and by the nature of the business transacted, and the circumstances in which the agent is allowed to act by said corporation in its business relations to the public. (*Olcott* v. *Tioga R. R. Co.*, 27 N. Y., 546, 560 ; *Edwards* v. *Shaffer*, 49 Barb., 291 ; 2 Kent's Com. [Holmes' ed.], 614, 615, 618 ; 21 Wend., 295 ; 5 Hun., 151, 155 ; 23 Wend., 260 ; 3 Hill, 262 ; *Sharp* v. *Mayor, etc.*, 25 How., 390 ; *McGill* v. *Kauffman*, 4 S. & R., 317 ; *Goodwin* v. *Un. Screw Co.*, 34 N. H., 378 ; 1 Pars. on Con., 84.) The authority of the attorney did not necessarily terminate with the entry of the judgment. (37 How., 3 ; 15 id., 19, 412 ; 19 id., 560 ; 41 N. Y., 159–163 ; 13 id., 587 ; 1 Pars. on Con., 53.) The acts of the attorney were ratified by the company. (48 How., 9, 477.) A party is chargeable with having brought an action by retaining the attorney, directly or indirectly, or engaging to pay his expenses, or sanctioning the acts of an assumed agent in retaining him. (1 Hill, 629 ; 2 Kern., 32.) An interest to any extent in a recovery accompanied by interference, management, procurement or direction of the suit is sufficient to make the party liable. (1 Den., 656 ; 12 N. Y., 32 ; 40 id., 383.)

*Per Curiam.* This is an application to compel the Florence Sewing Machine Company to pay the costs of the defence in this action.

The point is made that the court below had no jurisdiction of the company, it being a foreign corporation. The answer to this is, that the company appeared generally at the Special Term upon the first hearing, by an attorney, without taking the objection and consented to a reference to take evidence. The objection afterwards before the referee, and at the final hearing was too late. The statute provides that when an action shall be brought in the name of another by an assignee of any right of action, or by any person beneficially inter-

ested in the recovery in such action, such assignee or person shall be liable for costs, etc.   (2 R. S., 619, § 44.)

It has been held, under this statute, that a creditor is not liable in an action brought by a receiver, appointed in proceedings supplementary to execution, even when such creditor is solely interested in any recovery which may be had by the receiver, unless such action was commenced at the instance of such creditor, and substantially conducted under his direction.   (23 How., 228; 5 Robt., 637; 27 Barb., 100.)   But when the action has been virtually carried on by the creditor, he has been held liable.   (48 How., 477.)   We think the rule adopted is reasonable and just.

If a creditor at whose instance a receiver has been appointed, and especially if he is solely interested, instigates and conducts a prosecution for his own benefit through the receiver, the obligation to pay costs created by the statute is equitably as binding on him as if the legal machinery was not employed.

It is insisted however that the evidence does not establish a case within this rule.   Upon appeals from orders made upon special motions, this court will, as a general rule, adopt the conclusions of fact of the court below, unless they are clearly wrong.

We think that sufficient was shown to justify the inference that Bird had power to authorize the prosecution of the action under the circumstances.   The company was a foreign corporation, having a general office in the city of New York, in charge of Bird as agent.   He had possession of the note upon which the judgment was obtained against the debtor, and employed the attorney to collect the same ; and these facts, and the correspondence in respect to negotiations for a settlement, and legal proceedings, including the action in which this motion is made, show that he had charge for the company of this collection, and also others in this State, and are sufficient to establish an agency so as to bind the company in respect to the collection of the debt.   There was no express direction to the attorney shown by competent evi-

dence to institute this action. The attorney testified that he thought he had authority from Bird, but he failed to state how or where it was given ; and the letter of May 12, 1874, written by the attorney to Mr. Bird, bears on its face evidence that the attorney was then communicating for the first time the appointment of a receiver and the commencement of this action. The statements of Bird to the witness Reynolds are scarcely competent within the rule as to admitting the declarations of an agent. These statements related to a past transaction, and were not a part of any act then being done.

But the attorney had authority to institute the supplementary proceedings and procure the appointment of a receiver. They were a proceeding in the suit (41 N. Y., 163), and although he had no authority to commence this action under his original retainer, and had no specific direction to commence it, yet it was in fact commenced at his instance, acting as the attorney and on behalf of and for the sewing machine company. He was not retained by the receiver, but, on the contrary, the receiver acted under his directions. As early, at least, as May 12, 1874, when the letter above referred to was written, Mr. Bird, the agent, was informed of precisely what had been done by the attorney for the company ; that a receiver had been appointed and the action commenced but not tried. Bird did not object, but in the subsequent correspondence recognized the action of the attorney as being for the company. There were some letters not produced. Mr. Bird, under date of. July 13, 1874, acknowledges the receipt of a letter from the attorney of the eighth instant, and says it is " too late for me to think of being at your office at the adjourned trial. It has been rather a long winded affair thus far, and I trust you will close it to our advantage as soon as practicable."

The attorney wrote to Bird, March 17, 1875: " Your case against Post & Ray, I understand the referee has decided against us, etc." In answer to which, under date of March 26,

1875, Mr. Bird writes: " I can hardly understand the situation of our affairs there; don't see how your courts could render verdict against us." From these facts, and the evidence of the attorney, the court below was justified in drawing the inference that the company, through Bird, with a knowledge of all that their attorney had done in their behalf and for their benefit, ratified his acts in these respects, and intended to adopt and approve them. If so, such ratification was equal to an original authority, and the acts of the attorney are to be deemed the acts of the company.

It is unnecessary to pass upon the facts as an original question. There was evidence to justify the conclusion of the court below, and although far from conclusive, and not the most satisfactory, we do not deem it proper to disturb it. It is not so clearly erroneous as to justify a reversal on the facts.

The order must be affirmed.

All concur, except ALLEN, J., not voting.

Order affirmed.