SARAH E. SLAUSON *v.* HEZEKIAH WATKINS, Respondent; BENJAMIN L. LUDINGTON, Appellant.

Where an action is brought in the name of one person at the instigation of and for the direct benefit of another, and the relief asked for is such as to give the latter the fruits of any judgment, the case is within the provision of the Code of Civil Procedure (§ 3247), declaring that " where an action is brought in the name of another by a   *   *   *   * person who is beneficially interested therein," the latter shall be liable for costs the same " as if he was the plaintiff."

This action was brought by the advice and procurement of L., who employed the attorney, furnished most of the means to carry it on, and generally directed and controlled the proceedings; its object being to compel the defendant, W., who the complaint alleged had agreed with plaintiff to pay a mortgage executed by her to L., to specifically perform that contract. L. was joined as a party defendant, but was not served with process and did not appear in the action. Judgment was rendered against plaintiff with costs. *Held*, that L. was properly charged with the costs; also that the question was not precluded by the previous denial of a motion made by W. to substitute L. as plaintiff.

(Argued March 11, 1884; decided March 21, 1884.)

APPEAL by defendant, Ludington, from an order of the General Term of the Superior Court of the city of New York, which affirmed an order of Special Term directing Ludington to pay the costs recovered by Watkins against plaintiff.

The nature of the action and the facts so far as material are stated in the opinion.

*B. F. Tracy* for appellant. Where the substantive right of action exists in and is owned by the person in whose name an action is brought, no other person, whatever part he may have taken in the prosecution, can be made liable for costs. (*Mercelon* v. *Fowler*, Superior Ct. R.; *Miller* v. *Franklin*, 20 Wend. 630.) An assignment made simply as collateral to an indebtedness of the assignor to the assignee is not such a transfer as makes the assignee liable under the provisions of the old Code. (*Peck* v. *York*, 75 N. Y. 421.) The order made pending the action, denying the motion to strike out Ludington's name as a defendant and substitute him as plaintiff, on the ground that he was the real party in interest, is a bar to this motion. (*Dwight* v. *St. John*, 25 N. Y. 203; *Bangs* v. *Strong*, 4 Anst. 315; *Howell* v. *Mills*, 35 N. Y. 322; *Demarest* v. *Darg*, 32 id. 281; *Brown* v. *Mayor*, etc., 66 id. 385.)

*Oliver W. West* for respondent. Ludington was properly charged with the costs. (2 R. S. 619, § 44; Code of Civ. Pro., § 3247; *Wheeler* v. *Wright*, 14 Abb. 356; *Ward* v. *Roy*, 69 N. Y. 96; *McHench* v. *McHench*, 7 Hill, 204; *Colvard* v. *Oliver*, 7 Wend. 497; *Whitney* v. *Cooper*, 1 Hill, 629–33; *Giles* v. *Halbert*, 12 N. Y. 32; *Bliss* v. *Otis*, 1 Denio, 656; *Voorhies* v. *McCartney*, 51 N. Y. 387–90.) He cannot escape liability on the ground that he was a party, and is therefore protected by the terms of section 321 of the old Code. (2 R. S. 619, § 44; Laws of 1880, chap. 245; *Wheeler* v. *Wright*, 14 Abb. 353–6; *Ward* v. *Roy*, 69 N. Y. 98–9; *Horton* v. *Payne*, 27 How. Pr. 374–7; *N. Y. & H. R. R. Co.* v. *Kyle*, 5 Bosw. 587–93; *Hawk* v. *Bishop*, 10 Hun, 509.) As the

referee and the court below have determined Ludington brought the action in Mrs. Slauson's name, that fact will be assumed by this court. (*Laidlaw* v. *Schumaker*, 6 N. Y. Week. Dig. 106 ; *Rust* v. *Hauselt*, 46 N. Y. Sup. Ct. 22–37 ; 69 N. Y. 97.)

ANDREWS, J. The evidence though conflicting justifies the conclusion that Ludington advised and procured the bringing of the action, employed the attorney, furnished to a great extent the means to carry it on, and generally directed and controlled the proceedings. The purpose of the· action was to compel the defendant Watkins, who by agreement with Mrs. Slauson had assumed to pay her mortgage .to Ludington, specifically to perform his agreement, and Ludington was joined as a party defendant, but was not served with process, nor did he appear in the action. The cause of action, if any existed, was in the plaintiff, but Ludington was interested in maintaining the suit, as any recovery therein would inure to his benefit. The enforcing of the alleged liability of Watkins would, or might insure the payment of his mortgage debt, and it has since turned out that the mortgage was an inadequate security, and the obligor on the bond has become insolvent. It is the case of an action brought by one person in the name of another, for the common benefit of both, upon a cause of action so framed that the fruits of the litigation, if successful, would be appropriated to the use of the person bringing the action in discharge of a debt owing by the plaintiff to him.

The court below charged Ludington with the costs of the defense, and the main point is· whether it is the case of an action "brought in the name of another by a transferee of the cause of action, or by any other person who is beneficially interested therein," within section 3247 of the Code. We think the action was brought by Ludington within the meaning of the section. (*Whitney* v. *Cooper*, 1 Hill, 632 ; *Giles* v. *Halbert*, 12 N. Y. 32.) He was not, however, a "transferee of the cause of action" by virtue of any. formal assignment from the

plaintiff, and is not chargeable with costs on that ground. His liability must depend upon the question whether he was "beneficially interested" in the cause of action within the section.

The cause of action, if any, belonged as we have said to the plaintiff. But the plaintiff by the agreement of Watkins to pay the mortgage held by Ludington, as a part of the purchase-money of the land conveyed by her to Mrs. Watkins, became as to Watkins, a surety for the mortgage debt. The law permits a surety under some circumstances, to bring an action against the principal debtor, joining the creditor as a party, to compel the former to pay to the latter the debt in exoneration of the surety's liability. This was the relief sought in this action. The plaintiff failed for reasons which it is unnecessary to state (see 86 N. Y. 597). She had no pretense of any right to receive in her own behalf the debt owing by Watkins. The only right she had, if any, was to compel its payment to Ludington. Her success would give to Ludington a new security, to-wit: a judgment against a party not originally bound for the debt, upon satisfaction of which the debt would be discharged. It may be that Ludington under the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) could have maintained an action in his own name against Watkins upon his promise. Ludington would have derived the same benefit from a successful prosecution of Mrs. Slauson's action, as from one in his own behalf as plaintiff. Under the circumstances we are of opinion that Ludington was so far identified in interest with Mrs. Slauson that it may be properly held that he was beneficially interested in the claim and relief sought in her action within the meaning of the statute.

The learned counsel for the appellant insists that where a substantive right of action exists in, and is owned by, the person in whose name the action is brought, no other person, whatever part he may have taken in the prosecution, can be made liable for costs. We are not disposed to dissent from this proposition as applied to cases where the party prosecuting the suit has an indirect interest only in the litigation, as when an indorser, or guarantor, induces the creditor to pro-

ceed against the principal debtor for the collection of the debt, or assists in carrying on the prosecution. But when, as in this case, the action is brought in the name of another for the direct benefit of the promoter, and the relief is framed so as to give him the fruits of any judgment which may be had, we think the case is within the spirit and fair construction of the statute. The question is not concluded by the denial of the motion made by Watkins, to substitute Ludington as plaintiff in place of Mrs. Slauson. The denial may very well have proceeded upon the ground that the practice did not authorize such relief, and there is evidence tending to show that this was the ground of the decision.

The objection that section 3247 of the Code does not apply, because Ludington was a party to the action, is sufficiently answered by the proof that he was not served with process, and did not appear in the action, and as against him the suit was never brought.

The order should be affirmed.

All concur.

Order affirmed.