THE METROPOLITAN CONCERT COMPANY (LIMITED), RESPONDENT, *v.* HOWARD A. SPERRY AND ANOTHER, APPELLANTS.

*Costs — against an assignee of the cause of action — sureties upon an undertaking, who prosecute the action brought by their principal, are not liable for the costs — remedy of the defendant.*

Section 3247 of the Code of Civil Procedure, in relation to the payment of costs, only applies to a case where the cause of action has been transferred to the party sought to be charged with costs, or he has become beneficially interested therein.

That section does not cover a case in which a surety upon an undertaking, given upon obtaining an order of arrest, applies to the court to set aside a default made by the plaintiff in that action, and to be permitted to prosecute, and does prosecute, the same. (BRADY, J., dissenting.)

*Semble,* that the remedy of the defendant, in the action in which the order of arrest was obtained, must rest upon the undertaking given by the sureties.

APPEAL by the defendants from an order made at Special Term, and entered in the office of the clerk of the county of New York on the 2d day of July, 1890, which denied the defendants' motion for leave to issue an execution against the property of Theodore Hellman and Emil Carlebach, sureties for the plaintiff in the above-entitled action.

The order was made upon a motion to compel Theodore Hellman and Emil Carlebach to pay $344.59 costs, for which a judgment had been entered in favor of the defendants, in an action brought against them by the Metropolitan Concert Company (Limited), in which an order of arrest had been made, the undertaking given upon issuing which had been signed by said Theodore Hellman and Emil Carlebach as sureties.

*Howard A. Sperry,* for the appellants.

*Eugene Seligman,* for the respondent.

DANIELS, J. :

The action was commenced by the plaintiff to recover the value of certain property, and an order of arrest was made under which the defendants, or one of them certainly, was held to bail. This

order was afterwards vacated and the complaint in the action was finally dismissed for the want of prosecution. These two sureties after that applied to the court to set aside the default and to permit them to prosecute the action. That order was made and they proceeded from that time with the prosecution of the suit. It finally reached the Court of Appeals, where it was held that the plaintiff was not entitled to recover, and a judgment for the costs was recovered in the action.

The plaintiff was then insolvent, and this motion was made to require these two sureties to pay the costs which had been recovered under the authority of section 3247 of the Code of Civil Procedure. But the motion was denied for the reason that the cause of action had not been transferred to them and they did not become beneficially interested therein. And that appears, by what had taken place, to have been their situation. No transfer of the cause of action or any interest in it was made to them. They did not become beneficially interested in it in any form, nor did it, by transfer or otherwise, become their property. And it is only when the action may be carried on by a party sustaining one of these relations to it that this section of the Code has subjected him or them to liability for the costs. By no fair construction of the language of any part of the section can it be held to include the case of these sureties. What they did in the way of prosecuting the action was to protect themselves against liability on their undertaking, and not to secure any advantage or interest whatever in the recovery.

The remedy of the defendants, if they are entitled to recover these costs from the sureties in the undertaking, must, therefore, be by an action upon that instrument. It was given in compliance with section 559 of the Code of Civil Procedure, and it bound these sureties, if the defendants should recover judgment, to the effect that the plaintiff would pay all costs which might be awarded to the defendants. And if the plaintiff shall fail to pay, as it is probable it may, because of its insolvency, then, according to this section, the defendants may have an ample remedy against the sureties upon the undertaking. That is the provision that has been made in their favor, and it is under that, if they can secure indemnity at all, that they must proceed for the recovery of these costs.

The order, therefore, was right and it should be affirmed, with ten dollars costs and the disbursements.

VAN BRUNT, P. J., concurred.

BRADY, J. (dissenting):

An order of arrest appears to have been granted in this case, and Theodore Hellman and Emel Carlebach were the sureties on the undertaking given on obtaining the order.

On March 24, 1885, the complaint was dismissed on the default of the plaintiff to appear, and judgment was taken against it in April following. In November, 1885, proceedings were commenced by the sureties to set aside the default, the attorney representing them, and who made the application, affirming that he was acquainted with the facts in the case, and verily believed it could be successfully prosecuted. The result was an order that the motion be so far granted as to permit the sureties to try the issue raised by the pleadings upon certain conditions. Messrs. Seligman were, by the order, substituted for the plaintiff's attorney, and they noticed the cause for trial as attorneys for the plaintiff and sureties. The trial resulted in a judgment for the plaintiff, which, on appeal, was reversed by the General Term and a new trial ordered; and the respondents having appealed to the Court of Appeals by their attorneys, judgment absolute was directed in favor of the defendants, which was duly made the judgment of this court, and the costs taxed at $354.59, being those which accrued from the time of the order granting the sureties leave to try the issue. Upon these facts the defendants made an application for an order directing the sureties to pay the costs of this action, and that an execution should issue against them on the judgment for costs just mentioned.

The learned justice before whom the motion was argued thought that, under section 3247 of the Code, the motion could not be granted. His view was that the sureties were neither plaintiffs nor transferrees, and that the action was not brought or continued by any other person beneficially interested therein. It is true that the sureties were not original parties. It is also true that the cause of action, if any existed, was not transferred to them; but it seems to be an erroneous view that they were not beneficially interested in the cause of action. The learned justice said, in the course of his

opinion, that the plaintiff commenced the action for its own benefit and that the sureties would receive no advantage if the plaintiff had succeeded.    This is an error.    If the plaintiff had succeeded, the plaintiff being insolvent, they would have been protected by the judgment in its favor; and it was with that design the application was made when they applied for leave to prosecute it.    As before suggested, it was stated by one of the attorneys for the sureties that he was aquainted with the facts of the case and verily believed it could be legally prosecuted.

There is little room for doubt that, if the action had been successful, the sureties, on a proper application, would have been protected in reference to any responsibility assumed by them by an appropriation of so much of the judgment as was necessary for that purpose.    They were beneficially interested, therefore, in the prosecution of the action, and being beneficially interested were clearly liable for the costs which accrued from the time they took charge of and continued the controversy.

In *Ward* v. *Roy* (69 N. Y., 96) it was decided that in an action brought in the name of another by an assignee of any right of action, or by any person beneficially interested in the recovery in such action, such assignee or person would be liable for the costs. And it was then said, resting upon authority, that when an action has been virtually carried on by a creditor in the name of the receiver, he has been held liable, and justly so.    In this case the plaintiff appears to have suffered a default, and the sureties, apparently in hostility to its act and alleging that it was insolvent, made application for leave to prosecute, and on an assertion that success could be attained.    Section 3247 of the Code expressly provides that where the action is brought in the name of another by a transferree of the cause of action or by any other person who is beneficially interested, he should be liable for the costs that may be awarded against the plaintiff in name.    And this was clearly intended to include the person who, after the cause of action was commenced and was substantially abandoned by the plaintiff, interposes as a substitute insisting upon the validity of the cause of action set forth in the complaint.    And it is equally clear that in any action marked by such circumstances as have been disclosed affecting this case, the

sureties are, for the purposes of the action or its continuance, to be justly and properly regarded as beneficially interested. If this be not so, then there is no person from whom the costs can be collected, because it is manifest that the plaintiff had nothing whatever to do with the proceedings which originated with and were conducted by the sureties. No such construction as this should be put upon section 3247 of the Code unless it was absolutely compulsory, inasmuch as it would cause injustice by depriving the successful party of the costs awarded and which were intended should be paid by the unsuccessful litigant.

For these reasons the order appealed from should be reversed, with ten dollars costs, and the motion granted.

Order affirmed, with ten dollars costs and disbursements.