CHARLES E. O'CONNER, AS RECEIVER, ETC., OF HERBERT F. BEECHER, RESPONDENT, v. THE MERCHANTS' BANK, APPELLANT.

*Receiver — liability of the judgment-creditor for costs recovered against the receiver — right of a party, indebted to the judgment-debtor, who has taken an assignment of the judgment for costs.*

Where an action is brought at the request of the judgment-creditor, by a receiver appointed in proceedings supplementary to execution, to recover moneys alleged to be due to the judgment-debtor from a third person, and the receiver is defeated in the action, the judgment-creditor is liable to the defendant for the costs recovered by him against the receiver.

The fact that the receiver has instituted proceedings in another court, against the assignee of the judgment for costs against such receiver, is no reason why the enforcement of the judgment for costs should be postponed until the question in such action against the assignee has been decided.

That such assignee of the judgment for costs, upon tendering to the receiver the amount of the indebtedness of the assignee to the judgment-debtor, less the amount of the judgment for costs against the receiver, has entirely discharged his duty and obligation in the premises.

APPEAL by William C. Beecher, Henry B. Beecher and Samuel Scoville, as executors of the estate of Henry Ward Beecher, deceased, from so much of an order of the Supreme Court, dated April 21, 1892, and entered in the office of the clerk of the county of New York, as denies their motion to compel Lewis S. Chase, the judgment-creditor on whose application the receiver in the above-entitled action was appointed to pay the costs of said action.

*W. C. Beecher,* for the appellants.

*Edwin R. Leavitt,* for the respondent.

O'BRIEN, J.:

In April, 1886, Lewis S. Chase recovered a judgment against Herbert F. Beecher, and in proceedings supplementary to execution the plaintiff was appointed receiver of the property of the judgment-debtor. Thereafter, upon the written request of Chase, and solely for his benefit, the plaintiff, as receiver, brought suit against the Mechanics' Bank of Brooklyn to recover the amount of a certain check which had been drawn by the executors of the estate of

Henry Ward Beecher, deceased, upon the bank to the order of the judgment-debtor. In this action, after two trials, the plaintiff was defeated, and a judgment for costs was entered in favor of the defendant. This judgment for costs was assigned to the executors of Beecher, and they make this motion to compel the judgment-creditor Chase to pay the costs awarded by the judgment; and from the order refusing to grant such motion this appeal is taken.

In *Ward* v. *Roy* (69 N. Y., 99) it is held: " If a creditor, at whose instance a receiver has been appointed, and especially if he is solely interested, instigates and conducts a prosecution for his own benefit through the receiver, the obligation to pay costs created by the statute is equitably as binding upon him as if the legal machinery was not employed."

We do not understand that any fault is found with this rule, which, in the absence of other facts, would require that Chase, the judgment-creditor, who instigated the suit which was brought by the receiver against the bank, should pay such costs. Had this motion been made by the bank, therefore, we fail to see what defense or reason could have been interposed against the granting of the motion. The question, however, is presented as to whether the assignee of a judgment for costs is in any worse position, or whether the circumstance that the assignees in this case happen to be the executors of Beecher, deceased, in any way militates against or destroys the rights which otherwise the assignee of a judgment would acquire by virtue of the assignment of such judgment to him.

As we understand, the respondent, while admitting, if the receiver had now in his hands sufficient funds belonging to his receivership wherewith to pay these costs, that he would be obliged to pay them, or if the receiver had no funds, that then, under *Ward* v. *Roy* (*supra*), the defendant might resort to the creditor, still, such a motion should not be granted until it should finally appear that the receiver would not be able to pay such costs. In other words, respondent's position is that, inasmuch as certain proceedings have been taken by the receiver in the Surrogate's Court which may eventually result in placing in the hands of the receiver an amount sufficient not only to pay these costs, but also the judgment of the creditor Chase, this motion is premature and should not be granted

until proper opportunity and time are afforded the receiver, and all efforts have been exhausted, to collect an amount sufficient to pay the judgment for costs out of the judgment-debtor. This assumes that, as against the judgment-debtor, the plaintiff is entitled to receive not only an amount sufficient to pay the judgment which has been obtained against the debtor, but also an amount sufficient to pay the costs of an unsuccessful litigation waged by the receiver against a third party without the consent or knowledge of the judgment-debtor.

It seems to us reasonably clear that, in a case like this, where no other than the creditor Chase is interested in the receivership, the judgment-debtor would have a right, on offering the amount of the judgment obtained against him, together with interest and costs, to have the same satisfied and the receiver discharged. This would not include, nor could the receiver insist upon the judgment-debtor paying, in addition, the costs of an unsuccessful litigation waged against a third party in an action to which the judgment-debtor was in no sense a party, and of which he had no notice. We do not think that any distinction can be made between the rights which the defendant, the Mechanics' Bank, had and those which flowed to the executors to whom the judgment for costs was assigned; and, therefore, they are in the same position to enforce the judgment for costs as the bank would have been in had not the assignment of the judgment been made.

It has been made to appear that the receiver is now engaged in an endeavor to recover from the executors the amount of the judgment out of the property of the judgment-debtor now in their hands. If successful in discovering such property, and in obtaining an order from the surrogate or otherwise that the amount of the judgment should be paid by the executors out of the property of the judgment-debtor, they would, in some form, undoubtedly, be entitled to offset or deduct from such recovery the amount of the judgment for costs which they now hold by assignment against the plaintiff.

The executors have, in open court, offered to pay the difference between the judgment for costs assigned to them and the amount of the Chase judgment, the payment of which the receiver is seeking to enforce against the property of the judgment-debtor. We regard this proposition as eminently fair, and as giving him all that he could

obtain as the result of prolonged proceedings. If the receiver thinks that some law can be found to sustain his position that he is eventually entitled to recover from the judgment-debtor, not only the amount of the Chase judgment, but also the costs of the unsuccessful action against the Mechanics' Bank, no good reason is presented why, in the meantime, the executors should be prevented from receiving the amount due them by reason of the claim which they have against Chase by virtue of the assignment of the judgment from the bank.

We are of opinion, therefore, that the proposition is eminently fair and just which is made by the appellant, to offset the judgment for costs against the Chase judgment, the executors paying the difference and holding their claim as against the judgment-debtor; and that, upon the failure to accept this proposition, the executors are entitled to the order applied'for, requiring the judgment-creditor, who was unsuccessful in a litigation against a third party, to pay the costs thereby resulting, where it has been shown, as here, that the receiver is unable to pay them.

We think, therefore, that the order appealed from should be reversed, and, unless the respondent accepts the offer of the appellant in regard to offsetting the claims, that the motion should be granted.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Order reversed accordingly, with ten dollars costs and disbursements, and motion granted, with costs.