LOUIS BOURDON, Respondent, *v.* FRANCIS A. MARTIN, as Receiver, etc., of EMMA WALKER, a Judgment Debtor, Defendant.

ROBERT C. WALDRON, Appellant.

*Costs of an action brought against a receiver, charged against the judgment creditor procuring his appointment.*

An order made by the Special Term of the Supreme Court charging a person with costs, awarded in an action brought against a receiver appointed under a judgment obtained by such person, is proper, and will not be interfered with upon an appeal therefrom, if it appears that such party charged with costs is the only person who would have been benefited by the fruits of the action to which such receiver was a party (the receivership not having been extended to any other judgment), that the attorney who conducted such action for the receiver was the attorney for such person, and that all the steps taken by the receiver were taken at the request of such attorney.

APPEAL by Robert C. Waldron, a judgment creditor, from an order of the Supreme Court, made at the Clinton Special Term and entered in the office of the clerk of the county of Saratoga on the 11th day of July, 1894, directing the said Waldron to pay to the laintiff herein the costs awarded to the plaintiff in the action.

This action was brought by Louis Bordon originally against The New York and Lake Champlain Transportation Company to recover $243.20 "for food and meals furnished to divers persons during the months of April and May, 1891, for and at the request of the defendant."

In an action brought by Robert C. Waldron against Emma Walker (who was the same person as Emma Bourdon) judgment was recovered by the plaintiff, and in supplementary proceedings instituted therein an order was made June 13, 1891, directing The New York and Lake Champlain Transportation Company to pay over to the sheriff of Saratoga county $240. Thereafter the order of June 13, 1891, was vacated and the sheriff was directed to repay the money to the company, which was directed to pay it to the sheriff, "there to remain until the further order of this court."

Subsequently the said company was discharged on the payment of the money into court, and Francis A. Martin, the receiver of Emma Walker (appointed in the supplementary proceedings), was substituted as a defendant in its place in the first above-entitled

action, which was finally decided in favor of the plaintiff therein, and the defendant was charged personally with the costs thereof. Thereafter an application to compel Robert C. Waldron (the judgment creditor), as the person beneficially interested in the litigation, to pay such judgment was granted.

*J. W. Atkinson*, for the appellant.

*Thomas O'Connor*, for the respondent.

HERRICK, J.:

This is an appeal from an order of the Special Term charging the appellant with costs awarded in an action against a receiver under a judgment obtained by the appellant.

It appears that the appellant is the only person who would have been benefited by the fruits of the action commenced by the receiver. The receivership has not been extended to any other judgment.

The attorney who conducted that action for the receiver was the appellant's attorney; the one who had conducted the proceedings supplementary to execution; the one who had appeared for the appellant in the original judgment; the one who appeared also for the appellant before the Special Term, resisting the application charging him with costs. The receiver swears that all the steps taken by him were at the request of said attorney.

The appellant's affidavit was somewhat evasive, and that, coupled with the absence of the attorney's affidavit, in face of the fact that the moving papers charged that such attorney was acting for and at the request of the appellant in conducting the litigation in question in the name of the receiver, justified, I think, the Special Term in assuming that such attorney was acting for the appellant, and at his request and upon his retainer all through these proceedings, and that the receiver was in fact the mere instrument through which such attorney acted. Such being the fact, the order was abundantly justified by the case of *Ward* v. *Roy* (69 N. Y. 96), and should be affirmed, with ten dollars costs of this appeal and printing and other disbursements.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order affirmed, with ten dollars costs and printing and other disbursements.