(27 Misc. Rep. 598.)

INTERIOR CONDUIT & INSULATION CO. v. ALEXANDER, BARNEY & CHAPIN.

(Supreme Court, Special Term, New York County. May, 1899.)

COSTS—MOTION BY RECEIVER.

Creditors sued a corporation. A receivership procured in another action was extended to such action. The receiver, at the instigation of plaintiffs, made a motion to compel the treasurer of the corporation to turn over to him certain books and papers of the company. The real object of the motion was to find evidence that might be of service to all of the creditors of the corporation in actions subsequently brought against the directors of the corporation to hold them for failing to make annual statements. The attempt to procure the books and papers was unsuccessful. *Held*, that plaintiffs are chargeable with the costs of a reference incident to the motion.

Action by the Interior Conduit & Insulation Company against Alexander, Barney & Chapin, incorporated. Motion to charge plaintiff with certain costs. Granted.

Louis F. Reed, for plaintiff.

Blumenstiel & Hirsch, for defendant.

SCOTT, J. This is a motion to charge the plaintiff with the costs and expenses of a reference incident to a motion made by it to compel one Weed, the treasurer of the defendant company, to deliver to a receiver certain books and papers belonging to the company, alleged to be in his possession. In 1893 a receiver of defendant was appointed in judgment creditors' actions. He proceeded to take possession of the assets of defendant and turn them into cash, wherewith he paid the expenses of his administration and certain debts of the defendant. In fact, he substantially wound up the affairs of the corporation. His accounts were duly passed, and he was discharged, upon turning over to Weed all the books, papers, and documents in his possession, and paying to the attorneys for defendant some $1,700, the balance of cash remaining in his hands. Later an action was commenced for the dissolution of defendant, and the sequestration of his property, and in that action a second receiver was appointed, and Weed turned over to him all the books and papers then in his possession belonging to the defendant. The second receivership was afterwards duly extended to this action. In October, 1898, the present receiver made a motion in this action to compel Weed to turn over to him the minute book of the stockholders and directors of defendant, its stock book, and certain invoices. In answer to this motion, Weed declared that he had searched for the books and papers demanded of him, and had been unable to find them. He swore that he had considered the books and papers received from the first receiver as practically worthless, except the debtors' ledger account, which he carefully preserved; that, as to the remainder, he carted them to his place of business, and stored them, some in the outer office, and some in the basement, and paid no further attention to them, regarding them as entirely worthless and practically junk; and that, when called upon by the present receiver, he turned over to him all of the books and papers of the defendant then in his possession. Later on, at the request

of the receiver, he made a thorough search for the missing books and papers, but was unable to find them. The justice before whom this motion came on to be heard, deeming that the question of the whereabouts and control of the books and papers should be further probed, sent the matter to a referee, to take and report such evidence and testimony as the parties might offer on the subject. The evidence taken before the referee did not show that Weed had the possession or control of the missing books and papers, and on the coming in of the referee's report an order was made denying the motion to compel Weed to turn over the books and papers, with costs, including the expenses of the reference. The receiver, however, has no funds in his hands wherewith to pay these costs and expenses. There are now pending actions by this plaintiff and other creditors against directors of the defendant corporation to recover their respective claims, because of the alleged failure of the corporation to file annual reports. The relations between the attorney for the receiver and the attorney for the creditors, including the plaintiff, leave no doubt that, in moving for the delivery to him of the missing books and papers, the receiver was acting at the instigation of the creditors, and for their benefit. Indeed, there can, I think, be no reasonable doubt that the real object of the motion was, not to discover assets of the company, but to find evidence that might be of service to the creditors in their actions against the directors. Under these circumstances, the authorities justify the imposition upon the plaintiff of the expenses of the unsuccessful attempt to procure the books and papers. Ward v. Roy, 69 N. Y. 96; Bourdon v. Martin, 84 Hun, 179, 32 N. Y. Supp. 441. It is true that these cases differ from the present, in that in each of them the creditor against whom costs were charged is stated to have been the only person to be benefited by the action or proceeding, if successful, whereas here it appears that there are other creditors besides the plaintiff who would have shared the benefit, if any had resulted, of the success for the motion for books and papers. I do not, however, consider this difference to be important. All of the creditors who have brought actions against the directors are represented by the same attorney, and to the extent, at least, of obtaining evidence of the directors' liability, are doubtless acting in unison. So far as the motion for a delivery of the books and papers is concerned, the plaintiff unquestionably represents all of them. At all events, the motion was made in its name, and it has assumed responsibility for it.

Motion granted, with $10 costs.