(77 App. Div. 78.)

### DROEGE v. BAXTER et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. Costs—Action by Receiver for Creditor.
   Code Civ. Proc. § 3247, providing that, where an action is brought in the name of another by a person who is beneficially interested therein, the person so interested is liable for costs, applies where a judgment creditor of H. had a receiver appointed, and gave him a written request to sue B. to recover property interests of H., and on this the receiver obtained an order allowing him to commence such action; and the creditor may be required to pay not only the costs in the supreme court, but those on appeal by B. to the appellate division, and on the subsequent appeal by the receiver to the court of appeals, though the creditor did not know of the appeals, the receiver's appeal being in good faith, and the creditor having left the matter in the trial court with him.

2. Evidence—Declarations of Attorneys.
   One having introduced, on motion to tax costs, affidavits of his attorney as to what he told another as to bringing suit, the other person may contradict this by evidence of what the attorney in fact said.

Appeal from special term, New York county.

Action by Otto H. Droege, receiver of Isidor Henry, against Edwin W. Baxter and another. From an order directing Albert Reitman to pay costs in the action, he appeals. Affirmed.

See 72 N. Y. Supp. 1045.

The appellant, Albert Reitman, was directed by the order appealed from to pay costs in an action brought by Otto H. Droege, as receiver, in his behalf, as a creditor of Isidor Henry, against the defendants. Reitman was a judgment creditor of Henry, and instituted supplementary proceedings after return of execution unsatisfied; and, believing that Henry had certain property interests which could be reached, he asked for the appointment of the plaintiff, Otto Droege, as receiver. He gave to the receiver a written request to bring an action against the defendants to recover property, or its value, belonging to Isidor Henry, levied upon by them, and subsequently sold and purchased by them. Thereupon the receiver presented his petition and the written request, and obtained an order allowing him to commence such an action "in any of the courts of record in this state," and which provided that, in view of the written request filed with the petition, the receiver be relieved from giving any bond as security for costs. In the action thus begun the

---

¶ 2. See Evidence, vol. 20, Cent. Dig. §§ 445, 455.

receiver was at first successful, but an appeal was taken to the appellate division (69 App. Div. 58, 74 N. Y. Supp. 585), and then to the court of appeals (63 N. E. 1116), and it resulted in a judgment in favor of the defendants, and they then moved to compel the judgment creditor, Reitman, to pay the costs of such action, which was denied. Thereafter, on new affidavits, the present motion was made and granted; and from the order entered, requiring Reitman to pay the costs, he appeals. He avers in his affidavits that, although he gave the written request to the receiver to bring the suit, he told him to bring it in the municipal court, so as to reduce costs, if any, against him; and that the receiver refused to do so, asserting that he would not, in any event, be liable for costs, and that it was the duty of the receiver to bring the action where he chose. Further, Reitman avers that he did not consent, nor did he know of the appeals taken by the defendants to the appellate division and by the receiver to the court of appeals, for which costs are included in the sum charged against him. Reitman's attorney also avers that he told the receiver not to bring the action in the supreme court. The receiver avers that, after the action was commenced, the attorney for Reitman asked if it was not better to discontinue it, and bring suit in the municipal court, but that nothing was said as to reducing costs, but merely as to facilitating the trial; and that neither Reitman nor his attorney directed him not to bring the action in the supreme court. He explains that he came into the present motion, having seen in the Law Journal a statement criticising him as receiver, and denying motion for costs as against Reitman. The court granted the motion charging costs, and from the order so entered Reitman appeals.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry L. Franklin, for appellant.

William J. Barr, for respondents.

O'BRIEN, J. The appellant's first point is that the order appealed from is not authorized by section 3247 of the Code of Civil Procedure, which provides that, "where an action is brought in the name of another by a * * * person who is beneficially interested therein, * * * the * * * other person so interested is liable for costs, * * * and * * * the court may by order direct the person so liable to pay them." The appellant argues that in such a case the action must be begun and conducted under the direction of such person, and that here the action was conducted and brought by the receiver in the supreme court contrary to instructions. The answer to this is that the written request authorized the bringing of the action, and the order stated "in any court of record," and the receiver averred that no objection was made till after the action was begun, and, further, that the receiver was not directed to discontinue such action. These contentions the court resolved in favor of the receiver.

The second point is that the statements of Reitman's attorney to the receiver cannot be used against Reitman. This is answered by the fact appearing that such attorney was brought in, and presented affidavits in favor of Reitman in opposition to the motion; and it was, therefore, proper that the receiver should be allowed to deny such statements. Furthermore, the facts are not changed if all the statements of the attorney be disregarded, for the receiver denies that Reitman directed him not to bring the action in the supreme court.

The third, and more serious, point of the appellant is that the request to sue did not cover the right to appeal, and that, as costs of appeal were included, the order must be reversed in toto. It was not the receiver, however, but the defendants, who first appealed; and the receiver was surely justified in defending on appeal a judgment in his favor. Though beaten on appeal, it cannot be said that the receiver did an improper or unwarranted act in appealing to the court of appeals, unless it had been shown that the creditor had approved such act. Although the creditor knew that the action was going on in the supreme court, he took no steps to discontinue it; and by his thus leaving the matter with the receiver it seems but just that the appeal conducted in good faith by the receiver should be approved. In Ward v. Roy, 69 N. Y. 96, it was held that:

"If a creditor, at whose instance a receiver has been appointed, and especially if he is solely interested, instigates and conducts a prosecution for his own benefit through the receiver, the obligation to pay costs created by statute is equitably as binding upon him as if the legal machinery was not employed."

The appellant insists that he did not conduct the case, and did not direct the appeal; but this is a begging of the question, it appearing that he had the receiver appointed for the very purpose of pursuing and securing, if possible, the property for his sole benefit.

The order, therefore, should be affirmed, with $10 costs and disbursements. All concur.