### NELLIGAN v. GROTH.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

COSTS—DISCRETION OF COURT—PERSON BENEFICIALLY INTERESTED—STATUTORY PROVISIONS.

Under Code Civ. Proc. § 3247, making the person beneficially interested in an action brought liable for costs to the same extent as if plaintiff, and providing that, where costs are awarded against plaintiff, "the court may by order direct the person so liable to pay them," the liability of the person beneficially interested for costs is absolute.

Appeal from Special Term, Kings County.

Action by L. Aloysius Nelligan, as receiver in supplementary proceedings of the property of Louisa Schlaitzer, against Peter Groth. There was a judgment for Groth, and he moved for an order directing Rudolph Liebmann, as a person beneficially interested in the action, to pay costs. From an order denying his motion, Groth appeals. Order reversed, and motion granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Aaron W. Levy, for appellant.
Albert Van Winkle, for respondent.

RICH, J. It appears that the defendant Liebmann recovered a judgment against one Louisa Schlaitzer, upon which he instituted proceedings supplementary to execution, examined the judgment debtor, and procured the appointment of the plaintiff in this action as receiver of her property; that thereafter, at the request of defendant, the plaintiff as such receiver brought this action for an alleged conversion by the defendant of the personal property of the judgment debtor, upon the trial of which the defendant had judgment upon all of the issues and for $108.85 costs. Execution was issued upon such judgment and returned unsatisfied. The time within which the plaintiff might have appealed has expired, and no appeal has been perfected. The respondent was beneficially interested in the cause of action, which was prosecuted solely for his benefit. The plaintiff is insolvent, and the costs have not been paid. These facts are not controverted, and the appellant was entitled to the relief prayed for. Section 3247, Code Civ. Proc.; Ward v. Roy, 69 N. Y. 96; Droege v. Baxter, 77 App. Div. 78, 79 N. Y. Supp. 29; Slauson v. Watkins, 95 N. Y. 369.

We are not impressed with the contention that the order was discretionary, and that the learned justice at Special Term exercised this discretion properly. The liability of the person beneficially interested for costs is absolute, and to the same extent as if he was the plaintiff (Code Civ. Proc. § 3247), and the court is without discretion to deprive him of this absolute statutory right. Although the language of the section is that, where costs are awarded against the plaintiff, "the court may, by order, direct the person so liable to pay them," we think, under the rules of law, that, where a statute directs the doing of a thing for the sake of justice, the word "may" means the same thing as the word "shall" (People ex rel. Otsego County Bank v. Board of Supervisors of Otsego County, 51 N. Y. 401), and that, if it is obvious that the Legislature intended to impose a positive duty, the language used has an imperative signification, and is to be so construed (Livingston v. Tanner, 14 N. Y. 64), and the rule declared in Wuesthoff v. Germania Life Ins. Co., 107 N. Y. 580, 14 N. E. 811, that "the intention of the Legislature is the cardinal consideration in the construction of statutes, and whether a particular provision is mandatory or directory is to be determined from the language used and the purpose in view," the provision of the Code under consideration is mandatory. Absolute liability of the beneficially interested person for costs being created, it becomes the duty of the court to enforce such liability by granting the order intended to accomplish such result.

The order must be reversed, with costs, and the motion granted, with costs. All concur.