Matter of the Judicial Settlement of the Accounts of the Administrator of the Estate of HANNAH M. DRAPER, Deceased.

(Surrogate's Court, Niagara County, November, 1919.)

Executors and administrators — accounting by administrator — exemption — Code Civ. Pro. §§ 2670, 2735.

> Upon the judicial settlement of the accounts of an administrator the court must, under the mandatory provision of section 2735 of the Code of Civil Procedure, direct payment to him, as husband of the decedent, of the sum of $150 which he claims should have been set aside to him pursuant to section 2670 of said Code.

PROCEEDING upon the judicial settlement of the accounts of an administrator.

John C. Knickerbocker, for administrator, the husband of decedent.

William L. Hunt, special guardian for infant heirs-at-law and next of kin.

FISH, S. The petitioner, who is the husband of decedent, asks in this proceeding, which is for the

settlement of his accounts as administrator, that there be directed to be paid to him as the husband of the decedent the sum of $150, which he claims should have been set aside to him pursuant to the provisions of section 2670 of the Code of Civil Procedure. I think the provision contained in section 2735 of the Code of Civil Procedure that the surrogate's decree on judicial settlement '' may '' award to a surviving husband the same relief as to set-off of property which may be awarded on a petition therefor pursuant to section 2671 of the Code of Civil Procedure is mandatory. *Nelligan* v. *Groth,* 126 App. Div. 444; 36 Cyc. 1160–1161. Section 2670 of the Code of Civil Procedure compels the set-off to the husband and makes the property set off his property; the husband, therefore, has a claim *de jure* to the set-off, and under such circumstances the power given to the court to make the set-off will be construed as mandatory.

Furthermore, in the first sentence of said section 2735 it is provided that the decree must direct payment and distribution to the persons entitled according to their respective rights, and under said sections 2670 and 2671 the husband is entitled to have set aside to him money or other personal property of the value of $150.

There is no discretion as to the amount to be set off under subdivision 4 of said section 2670; the provision is that certain specified articles shall not be deemed assets, and among the articles thus specified is money not exceeding in value $150; if there is more than $150 in money, all above that amount is an asset, while such amount and all below is not an asset. *Matter of Bidgood,* 36 Misc. Rep. 516.

Decreed accordingly.