## CLARKE v. CLECKLEY et al.

### No. 550.

Municipal Court of Appeals for the
District of Columbia.

Oct. 24, 1947.

Rehearing Denied Nov. 3, 1947.

Carl D. Coleman, of Washington, D. C.,
for appellant.

Jack Politz, of Washington, D. C., for
appellees.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee, who had purchased certain improved real estate from appellant, sued for damages for failure of appellant to comply with the following provision of the contract of sale: "Seller agrees to fix leak in roof; cracks in wall and replace wooden toilet seat."

Appellee testified that he made demands on appellant to comply with the above provision and appellant sent a man to inspect the premises; that after inspection the man told appellee that the condition of the roof and walls were such that they could not be fixed by mere patching and it would be necessary to put on an entire new roof and to break the loose plaster near the cracks and replaster the patches; that appellant refused to have the work done and appellee had several contractors examine the roof and all said it would be impossible to fix the leaky roof without replacing it with a new one; that appellee was unable to obtain a toilet seat to fit the stool then on the premises and it was necessary for him to have installed a new stool with seat to fit; that appellee entered into a contract with the contractor, who furnished the lowest estimate, to put on a new roof, repair the cracks in the wall and to replace the toilet stool and broken seat; that such work was done for the price of $490, which was a fair and reasonable price.

Appellant objected to none of the foregoing testimony and offered no evidence on his behalf, but did establish by cross-examination that the $490 was the lump sum price for the work and that appellee could not show what parts of such sum were allocated to the various items of work. There is in the record, apparently offered by appellee, his agreement with the contractor who performed the work. It recites that the contractor would "Install new roof entire house also plaster all holes in house also install new stool and tank bathroom. Repair part

of floor in kitchen," for a total of $490. The trial court awarded judgment in favor of appellee for $490.

■ Appellant contended below, and renews his contention here, that the evidence was not sufficient to support the judgment. He argues that he did not agree to furnish a new roof and should not be required to pay for one. He did not in express words contract for a new roof but he did agree to "fix leak in roof." By this language we think appellant agreed to do whatever was necessary to prevent the roof from leaking. If, as the uncontradicted evidence disclosed, the roof was in such a condition that the leak could be "fixed" only by means of a new roof, then appellant's undertaking was broad enough to include cost of a new roof. The same applies to "fixing" the cracks in the wall. Had appellant intended to limit his required expenditures to a definite sum, he could have easily inserted such a limitation in the contract.

■ The question of the toilet seat is quite different. Appellant agreed to replace the seat; but he has been charged not only with the cost of a new seat but also the cost of a new stool and tank and the installation thereof. It is evident that this gives appellee far more than he was entitled to under the contract. "Compensation is a fundamental principle of damages, whether the action is in contract or in tort." Miller v. Robertson, 266 U.S. 243, 257, 45 S.Ct. 73, 78, 69 L.Ed. 265. Appellee was entitled to be put in as good condition pecuniarily as he would have been by performance of the contract by appellant, but he was not entitled to be placed in a better position because of the breach than he would have been had the contract been performed. Blair v. United States, 8 Cir., 150 F.2d 676. Appellee testified that he could not obtain a seat to fit the old stool, but we fail to see how under any circumstances the agreement to replace the seat can be stretched to include replacing the seat, stool and tank. Appellee was entitled to no more than the reasonable cost of a new toilet seat, and means are available for determining such cost.

■ It is observed that the agreement with the contractor also included in the price of $490 an item of repairs to the kitchen floor. While the record does not show that this work was actually done, in the absence of any showing to the contrary it is reasonable to assume it was done. Clearly this was beyond the undertaking of appellant and ought not to be charged against him.

■ It is obvious from the record that the judgment against appellant included items for which he had assumed no responsibility, and there being no means available of separating the cost of these items, judgment must be reversed and a new trial ordered.

Reversed with instructions to award a new trial.