## THORNE v. WHITE.

### No. 1458.

Municipal Court of Appeals for the District of Columbia.

Argued March 1, 1954.

Decided March 26, 1954.

4. Code 1951, 45–911.

5. Block v. Gates, D.C.Mun.App., 68 A.2d 215.

580

Irving A. Levine, Washington, D. C., Irving L. Chasen, Washington, D. C., on the brief, for appellant.

O. E. Jones, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, hereinafter referred to as Thorne, contracted to put a new roof on appellee's residence and to make certain repairs in connection therewith for the sum of $225. Pursuant to the contract, Thorne delivered certain materials to the job and began work. Within a few hours the work was discontinued because of inclement weather. Thorne never returned to the job and a few days later had his materials hauled away. White then entered into an agreement with the Koons Roofing Company to have the work completed at a cost of $582.-26. This was $357.26 more than the amount of Thorne's contract. He sued Thorne for that difference alleging breach of contract. The court, hearing the case without a jury, ruled in favor of White, and Thorne brings this appeal.

■ We find no error in the trial court's ruling that Thorne had breached the con-

tract. He testified that he had not completed the work because White had ordered him to discontinue, but White denied ever having made such a statement. Thus, the issue as to the breach of contract was clearly one of fact. There was ample support in the evidence to sustain the court's finding.

■ The aspect of the case which gives us more concern is the question of damages. White was awarded a judgment for $357.26, which amount represents the difference between the contract price with Thorne and the amount paid to the Koons Company for the completion of the work. This sum would be the correct measure of damages, provided the second contract did not call for additional work not contemplated by nor included in the first one. This is in accord with the general rule that a party damaged by a breach may only recover for losses which are the natural consequence and proximate result of that breach.[1] Damages are awarded for the purpose of compensation[2] and the injured party should not be placed in a better position than he would have been in had no breach occurred.[3] In cases such as the present one the successful plaintiff should only be allowed to recover what it has cost him to complete the same work, over and above the original contract price.

■ In the instant case the trial court found that the two roofing contracts were substantially the same and that the damages were therefore the amount by which Koons' contract exceeded Thorne's price. We rule that such a holding was error. Besides the large difference between the two contract prices, the evidence was that Thorne's contract called for a 4-ply roof, while the second contract was for what was in effect a 5-ply roof; that Thorne was merely to put a new roof over the old one, while the Koons Company entirely removed the old roof; and that several additional

1. Henry J. Robb, Inc. v. Urdahl, D.C.Mun. App., 78 A.2d 387.

2. Clarke v. Cleckley, D.C.Mun.App., 55 A.2d 287.

3. Fleming v. Twine, D.C.Mun.App., 58 A. 2d 498.

items were provided for under the second contract not called for in the first. A representative of the Koons Company testified that these additional items added to the cost of their contract. As the evidence clearly shows that White received more 'from the Koons Company 'than he was to receive from Thorne, we think an improper measure of damages was. applied.

As a new trial must be had as to the damages, we will comment on another error assigned by Thorne, that is, the refusal of the trial court to allow certain cross-examination of the Koons' representative as to the difference between the two contracts. This witness testified on direct examination that the contracts were substantially the same. Thus, cross-examination as to any difference between the two should have been allowed.

Reversed with instructions to grant a new trial on the issue of damages.