ROWAN HEATING–AIR CONDITION-
ING–SHEET METAL, INC.,
Appellant/Cross–Appellee,

v.

James E. WILLIAMS, Elizabeth T.
Jester, Appellees/Cross–Appellants.

Nos. 89–419, 89–526.

District of Columbia Court of Appeals.

Argued Jan. 11, 1990.
Decided July 3, 1990.
Petition for Rehearing Granted and
Decided Oct. 16, 1990.

Frank Emig, Greenbelt, Md., for appel-
lant/cross-appellee.

**584**

James E. Williams, Washington, D.C., for appellees/cross-appellants.

## ORDER

On consideration of appellees' petition for rehearing, it is

ORDERED that the petition for rehearing is hereby granted. It appearing that at the time the opinion in case No. 89–419 was issued on July 3, 1990, a related case in the nature of a cross-appeal, docketed as case No. 89–526, was pending in this court, it is

FURTHER ORDERED that this court, *sua sponte*, consolidates cases 89–419 and 89–526, and that the per curiam opinion, dated July 3, 1990, is withdrawn and vacated; and it is

FURTHER ORDERED that the opinion and order issued this date are hereby substituted as the decision in this case.

Before TERRY and FARRELL, Associate Judges, and MACK, Senior Judge.

### PER CURIAM:

These consolidated appeals originated in an action for breach of contract brought by appellant/cross-appellee ("appellant"), Rowan Heating–Air Conditioning–Sheet Metal, Inc., against appellees/cross-appellants ("appellees"), James E. Williams and Elizabeth Jester, and in appellees' counterclaim for negligence, breach of contract, and violation of the District of Columbia Consumer Protection Procedures Act. D.C.Code § 28–3901 *et seq.* (1989 Supp.) ("Consumer Protection Act"). Appellant challenges the trial court's dismissal of its claim and its judgment for appellees in the amount of $15,700. In a cross-appeal, appellees cite as error the trial court's failure to rule on their claim for attorneys' fees pursuant to the Consumer Protection Act, and seek attorneys' fees with respect to this appeal.

In the fall of 1985, appellant and appellees entered into a contract pursuant to which appellant was to design and install a heating and air conditioning system in appellees' home.[1] The system installed by appellant did not provide adequate heat, and appellees asked appellant to make the necessary adjustments. Appellant made some minor changes, but refused to take further action until appellees had paid the balance they owed under the contract. When payment was not forthcoming, appellant brought the instant lawsuit, and appellees counterclaimed. After a non-jury trial, the court denied appellant relief, and awarded appellees $10,700 on their breach of contract claim, as well as $5,000 in punitive damages arising from appellant's violation of the Consumer Protection Act.[2] This appeal followed. Both parties appeal from this judgment.

### I.

Appellant first challenges the trial court's award of $10,700 to appellees for damages arising from appellant's breach of contract. The court based its award on the testimony of Michael Jones, an expert witness for appellees, who maintained that it would cost $10,700 to replace the existing heating and air conditioning unit with a functioning system. Appellant contends that Jones' estimate did not accurately reflect the damages incurred because it considered the cost of replacing the entire duct system, rather than merely the first floor system which appellant claims is the only portion which functions improperly. On the contrary, however, Jones testified that replacement of the entire duct system was necessary in order to ensure that the unit as a whole functioned properly.

▇ In this regard appellant argues that the trial court improperly disregarded the

---

1. Appellee Williams did not sign the contract. Appellant contends that the only basis for an award to appellee Williams is his signature on a Retail Installment Contract and Security Agreement, which limits appellees' recovery. The court admitted the contract into evidence only for the purpose of establishing the obligation between both of the appellees and appellant, and appellant cannot now assert that it acts as a limitation of recovery, a contention which it did not raise at trial. *See D.D. v. M.T.,* 550 A.2d 37, 48 (D.C.1988).

2. The trial court's ruling made no reference to appellees' negligence claim.

testimony of William Rowan, the owner of appellant company, who maintained that it would cost only $500 to correct the flaws in the system. Appellant contends that because Jones was never questioned about Rowan's testimony, there was no evidence with which the court could conclude that Rowan's repair proposal would be ineffective. It was not necessary, however, for appellees to take affirmative steps to discredit Rowan's damage estimate. It was sufficient for them to introduce independent evidence, in the form of Jones' testimony, that the actual cost of rectifying the faulty heating system was $10,700. *See* E. CLEARY, McCORMICK ON EVIDENCE § 339 (3d ed. 1984). The trial court credited this testimony, and specifically rejected Mr. Rowan's estimate. We will not disturb the findings of the trial court in this respect. *See Cahn v. Antioch University*, 482 A.2d 120, 128–29 (D.C.1984).

## II.

Appellant next challenges the trial court's computation of the amount of damages due appellees. It argues that the court should have offset appellees' award by the amount they owed appellant under the contract. In fact, the trial court properly held that appellant was not entitled to any recovery because it failed to fulfill its contractual obligations. *See George Washington University v. Weintraub*, 458 A.2d 43, 47 (D.C.1983).

 We agree with appellant, however, that the trial court did not use the proper standard in computing the amount of appellees' damages. In a breach of contract action, the measure of damages is the amount necessary to place the non-breaching party in the same position he or she

would have been in had the contract been performed. *Thorne v. White*, 103 A.2d 579, 580 (D.C.1954). Where a party fails to complete a service which it agreed to perform under a contract, the non-breaching party is entitled to receive the amount it costs to complete the service, to the extent that amount exceeds the original contract price. *Id.* Appellees have thus far paid appellant $2,392.50, and in order to complete the system they will have to spend an additional $10,700. The compensatory damages awarded to appellees should be the total estimated cost of completing the system, which is at least $13,092.50,[3] less the original contract price. We remand the case to the trial court for findings of fact and conclusions of law consistent with this standard.

## III.

 Appellant also contends that the court erred by awarding appellees punitive damages pursuant to the Consumer Protection Act. *See* D.C.Code § 28–3905(k)(1)(C) (1981). Section 28–3905(k)(1) provides in pertinent part:

(k)(1) Any consumer who suffers any damage as a result of the use or employment by any person of a trade practice in violation of a law of the District of Columbia ... may bring an action in the Superior Court of the District of Columbia to recover or obtain ...

\* \* \* \* \* \*

(C) punitive damages.

*Id.* Appellant argues that punitive damages are not appropriate here because its misrepresentation to appellees was not willful, and because appellees failed to establish any loss as a result of the alleged misrepresentation.[4]

3. In its findings the trial court noted that appellees engaged the services of Bishop Equipment Company to correct some of the deficiencies in the system installed by appellant. It did not, however, make a finding regarding the cost of those services. Any reasonable cost incurred by appellant to complete the system, including any reasonable amount paid to Bishop Equipment Company, may be considered by the court in arriving at the total cost to appellees.

4. Appellant also argues that the award was improper because appellees never requested such an award in their counterclaim. Appellees' counterclaim included the assertion that appellant had violated the Consumer Protection Act. Pursuant to Rule 8 of the Superior Court Rules of Civil Procedure, this statement was sufficient to put appellant on notice that it was subject to all penalties provided for by the Act. *See Scott v. District of Columbia*, 493 A.2d 319, 323 (D.C. 1985).

The trial court found that appellant had misrepresented material facts about the contract in violation of D.C.Code § 28–3904(e) (1981). With regard to the issue of damages, the court concluded as follows:

> Given that there was misrepresentation, shoddy supervision ... some very half-baked and insincere attempts ... to try to tinker with the system but not to really resolve it, a continuing failure on the part of [appellant] to acknowledge that [it] messed up this job, I think that some additional damages are appropriate.

The court went on to conclude that these factors warranted an imposition of punitive damages pursuant to D.C.Code § 28–3905(k)(1)(C) (1981).[5]

There is no case law interpreting § 28–3905(k), but when the section was enacted by the District of Columbia Council, the Committee Report offered the following guidelines for its application:

> the standards the courts would use in determining [punitive damages pursuant to § 28–3905(k)(1)(c) ] are the amount of actual damages awarded, the frequency, persistency, and degree of intention of the merchant's unlawful trade practice, and the number of consumers adversely affected.

Report of the Committee on Public Services & Consumer Affairs, Council of the District of Columbia, on Bill 1–187, November 19, 1975, at 23 (Committee Report). Here, the trial court's finding that appellant was guilty of a "continuing" failure to admit to its mistakes, and of an unwillingness to rectify the situation, is sufficient to warrant an award of punitive damages under the standards set forth in the Committee Report.

### IV.

Finally, appellees challenge the trial court's failure to consider their claim for attorneys' fees under D.C.Code § 28–3905(k)(1)(B), and they seek a remand for a determination regarding the issue. Appellant claims that we should deny this request for a remand because there was no evidence at trial regarding attorneys' fees. It is not necessary, however, for a party seeking attorneys' fees to submit an accounting to the court before such fees are awarded. *See Marlyn Condominium, Inc. v. McDowell,* 576 A.2d 1346 (D.C.1990); *Trilon Plaza Co. v. Allstate Leasing Corp.,* 399 A.2d 34, 37 (D.C.1979). We therefore grant appellees' request for a remand.

Appellees also seek attorneys' fees with respect to this appeal. Assuming, without deciding that § 28–3905(k)(1)(B) authorizes such an award, we conclude that this is not an appropriate case to award fees on appeal, particularly in view of our holding with respect to the claimed error in computing the amount of damages.

Accordingly, it is ordered that the trial court's judgment for appellees is affirmed but the case is remanded for recalculation of damages consistent with this opinion and for consideration of appellees' claim for attorneys' fees.

*So ordered.*

---

Appellant also contends that the transaction at issue here is not covered by the Consumer Protection Act because appellees were acting for commercial reasons and therefore were not consumers within the meaning of the Act. Appellant did not assert this argument below, however, so we will not consider it here. *See D.D. v. M.T., supra,* 550 A.2d at 48.

**5.** Appellant makes reference to an assertion by the court that whether appellant's misrepresentation "was willful or through incompetence ... is ... immaterial here." The court made that comment, however, in reference to its finding that appellant's actions constituted a violation of § 28–3904(e). The amount of damages imposed for such a violation is a separate inquiry. *See* D.C.Code §§ 28–3905(e), –3905(k) (1989 Supp.).